DOWNEY, Chief Judge.
Appellant was charged with two counts of burglary of a dwelling, one count of burglary of a structure and three counts of second degree arson. He was found guilty as charged and sentenced as follows:
THE JUDGMENT OF THE COURT and the Sentence of the Law that you be confined in the FLORIDA STATE PRISON AS TO COUNT I, FOR A TERM OF FIFTEEN (15) YEARS WITH CREDIT FOR TWO HUNDRED SEVENTY SEVEN (277) DAYS TIME SERVED, TO RUN CONCURRENT WITH CT. II & VI; AS TO CT. II, FIFTEEN (15) YEARS WITH CREDIT FOR TWO HUNDRED SEVENTY SEVEN (277) DAYS TIME SERVED; AS TO COUNT III, FIVE (5) YEARS WITH CREDIT FOR TWO HUNDRED SEVENTY SEVEN (277) DAYS TO RUN CONSECUTIVE TO CT. IV, AND CONCURRENT WITH COUNT II, VI, I, V: AND AS TO COUNT IV. FIFTEEN (15) YEARS WITH CREDIT FOR TWO HUNDRED SEVENTY SEVEN (277) DAYS TIME SERVED, TO RUN CONCURRENT WITH CT. II, VI, I, V.: AND AS TO COUNT V. FIFTEEN (15) YEARS WITH CREDIT FOR TWO HUNDRED SEVENTY SEVEN (277) DAYS TIME SERVED TO RUN CONSECUTIVE TO COUNT I AND CONCURRENT WITH COUNT II, VI; AND AS TO COUNT VI. FIFTEEN (15) YEARS WITH CREDIT FOR TWO HUNDRED SEVENTY SEVEN (277) DAYS TIME SERVED, TO RUN CONSECUTIVE TO COUNT II.
The grounds submitted for reversal are contained in three points. We shall treat each of them.
The denial of appellant’s motion for judgment of acquittal and instructing the jury on burglary of a dwelling instead of burglary of a structure is the thrust of appellant’s first point on appeal. Appellant’s contention is that the evidence was insufficient to prove burglary of a dwelling because the two buildings alleged to be dwellings had been unoccupied for such an extended period that they no longer constituted dwellings under the law of this state. We need not pass upon this contention because during presentation of the State’s case, appellant stipulated that the buildings in question were dwellings. It is the function of an appellate court to review judicial acts and determine whether they constitute reversible error. It would certainly be anomalous for this Court to find error in not granting a motion for judgment of acquittal for insufficient evidence to prove the buildings were dwellings and for charging the jury as he did, when appellant had agreed with appellee in open court that the buildings in question were dwellings. In addition, the jury had been apprised of counsels’ stipulation. Thus, we find no' merit in this point.
In his second point appellant contends the trial court erred in not granting appellant’s motion for a mistrial. During the course of his closing argument the prosecutor pleaded with the jury not to find appellant not guilty simply because they felt sorry for him due to some illness, insinuating that he would be back on the street if they did. The defense here was insanity at the time of the commission of the crime." Several psychiatrists testified for each side, so defendant’s sanity was the key issue. However, there was no objection when the argument was made. Appellant moved for a mistrial at the end of the closing arguments of counsel; not at the time the statements and arguments were made. So there was no objection, motion for curative instruction nor motion for mistrial made contemporaneously with the improper argument. Clark v. State, 363 So.2d 331 (Fla.1978). In our opinion, a timely objection and curative instruction would have adequately cured the impropriety of the questioned argument. Thus, we find no error in the second point.
*1013 Finally, appellant complains that his sentence is incomprehensible and fears it may create problems for him at a later date. We are somewhat sympathetic to appellant’s contention in this regard, as we find the sentence most difficult to fathom.
Accordingly, all of appellant’s points on appeal are rejected with the exception of the point directed to the sentence. We remand the case to the trial court and respectfully request the trial judge to resen-tence appellant in a fashion and in terms which will be easier for all to understand. It shall not be necessary for appellant to be present at the resentencing.
REMANDED.
ANSTEAD and GLICKSTEIN, JJ., concur.