391 So.2d 776 (1980)
Raymond HILLERY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1791.
District Court of Appeal of Florida, Fourth District.
December 31, 1980.
*777 Richard L. Jorandby, Public Defender, Cathleen Brady, Asst. Public Defender, and Tatjana Ostapoff, Chief, Appellate Division, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ondina Felipe, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
Appellant, Raymond Hillery, was indicted for premeditated murder, robbery with a firearm and possession of a short barrelled shotgun. After trial, the jury found him guilty as charged.[1] The trial court adjudged appellant guilty on all counts and sentenced him to life imprisonment for first degree murder, and fifteen years for possession of a short barrelled shotgun, the sentences to run consecutively. The court withheld sentence on the charge of robbery with a firearm. On appeal, appellant questions the propriety of being adjudged guilty of both first-degree murder and robbery with a firearm. Under the facts of the case, we hold that the dual convictions are improper.
While some of the evidence at trial would support a finding of premeditation, the prosecutor made the following statements during closing argument:
We did not intend to prove premeditated murder in this case. If we were required to prove premeditated murder, then we wouldn't have even gotten this far with the case. You would not even be considering the case at this point.
* * * * * *
The premeditated murder, we'd have to have shown that this man went into that store intending to kill William Widland. The proof has not been that he went into that store intending to kill William Widland. We have not proved premeditated murder. We are dealing with the other part of first degree murder, felony murder.
By these remarks, the state effectively waived the theory of premeditated first-degree murder. Nonetheless, it has long been held that the state may proceed on a theory of felony murder even though the indictment is framed in terms of premeditated murder. Knight v. State, 338 So.2d 201 (Fla. 1976). This is what the state elected to do in the case at bar. That decision, however carries with it a significant limitation.
In State v. Pinder, 375 So.2d 836, 839 (Fla. 1979), the court announced this rule:
... [W]here premeditated murder is charged, but the only evidence to sustain the murder conviction is furnished by proof that the killing occurred as the result of one of the felonies enumerated in section 782.04(1), we hold that the defendant may not be convicted and punished for both the felony murder and the underlying felony.
Applying Pinder to the case at bar, we hold that appellant's conviction for robbery with a firearm cannot stand. Since we find that appellant's other points on appeal lack merit, we further hold that the convictions for first-degree murder and possession of a short barrelled shotgun should be affirmed. Therefore the cause is remanded to the trial court with instructions to vacate appellant's conviction for robbery with a firearm.
AFFIRMED IN PART and REMANDED WITH INSTRUCTIONS.
ANSTEAD, J., and WARREN, LAMAR, Associate Judge, concur.
NOTES
[1] Though the indictment charged premeditated murder, the verdict form reflected a finding of "guilty of first degree murder." We regard the variance as a distinction without a difference.