OTT, Chief Judge.
Appellant was tried by jury and convicted on two counts of sexual battery. We find no error in the denial of appellant’s motions for judgment of acquittal and therefore affirm his conviction on both counts. The trial court erred, however, in computing the period of retention of jurisdiction over appellant’s sentences.
By separate orders, appellant was sentenced to fifteen years as to Count I and fifteen years as to Count II. The sentence for Count II was to run consecutive to the sentence set forth in Count I.
The trial court retained jurisdiction over appellant’s sentences for review of any parole commission release orders for a period of ten years on each count or a total of twenty years.
At the time appellant was sentenced, section 947.16(3), Florida Statutes (Supp.1982), provided in part:
When any person is convicted of two or more felonies and consecutive sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to one-half of the total consecutive sentences imposed.
Appellant was sentenced to a total of thirty years. Under applicable law, the trial court could not retain jurisdiction for a period greater than fifteen years. Therefore, it was error for the trial court to retain jurisdiction for a total of twenty years.
Accordingly, appellant’s convictions and consecutive fifteen-year sentences are AFFIRMED. However, we vacate each of the special provisions for retention of jurisdiction and REMAND to the trial court for reconsideration thereof in the light of this opinion.
HOBSON and RYDER, JJ., concur.