435 So.2d 953 (1983)
Gregory ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1965.
District Court of Appeal of Florida, Second District.
August 5, 1983.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Gregory Adams, has appealed from the judgments and sentences entered pursuant to jury verdicts finding him guilty of kidnapping and sexual battery. We only find merit in appellant's contention that the trial court erred in the manner in which it retained jurisdiction over his sentences.
The appellant was sentenced to serve ninety-nine years on the kidnapping charge and thirty years on the sexual battery charge. In addition to making the sentences run consecutively, the court retained jurisdiction over one-third of each of them.
At the time the appellant committed the offenses for which he was convicted, section 947.16(3), Florida Statutes (1981), provided in part:
When any person is convicted of two or more felonies and consecutive sentences are imposed, then the jurisdiction of the trial court as provided herein shall apply to one-third of the total consecutive sentences imposed.
Accordingly, the trial court had the authority to retain jurisdiction to review any parole commission release order for one-third of the total consecutive sentences imposed, but not the first one-third of each of the consecutive sentences imposed. Goree v. State, 411 So.2d 1352 (Fla. 3d DCA 1982).
We therefore affirm the appellant's convictions and sentences but strike each of the *954 special provisions for retention of jurisdiction and remand to the trial court with directions to reconsider the period of retention in accordance with section 947.16(3), Florida Statutes (1981).
REVERSED and REMANDED.
HOBSON, A.C.J., and GRIMES, J., concur.