438 So.2d 398 (1983)
George WICKER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 83-274.
District Court of Appeal of Florida, Second District.
August 5, 1983.
Rehearing Denied October 5, 1983.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Diane Barrs, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant was convicted of first degree unarmed burglary with assault and first degree sexual battery and sentenced to 100 years and 30 years, respectively. We have considered the points raised by defendant on appeal and find them to be without merit except for certain aspects of the sentence which require us to reverse and remand.
First, the case must be remanded in light of the state's admission that "due to an apparent clerical oversight the judgment and sentence included in this case fails to reflect jail credit for time served." If on remand the trial court determines that defendant is entitled to credit for jail time, the specific amount must be included in the sentence. Section 921.161(1), Fla. Stat. (1981); Smith v. State, 310 So.2d 770 (Fla. 2d DCA 1975).
Second, the trial court retained jurisdiction over one-third of each of the consecutive sentences imposed. However, for the purpose of retention of jurisdiction *399 in this case, the authority of the court applies only to one-third of the total consecutive sentences imposed. Section 947.16(3), Fla. Stat. (1981); Adams v. State, 435 So.2d 953 (Fla. 2d DCA 1983); Goree v. State, 411 So.2d 1352 (Fla. 3d DCA 1982). The 1982 amendment to section 947.16(3) is inapplicable because its effective date was after the crimes were committed. See Adams, supra; Cf. State v. Williams, 397 So.2d 663 (Fla. 1981).
We therefore affirm the appellant's convictions and remand for correction and reconsideration of the sentences consistent herewith.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BOARDMAN, A.C.J., and DANAHY, J., concur.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
The appellant's motion for rehearing en banc is denied. We adhere to our holding that the 1982 amendment to section 947.16(3), Florida Statutes (Supp. 1982), does not apply to offenses committed prior to the effective date of that amendment. See State v. Williams, 397 So.2d 663 (Fla. 1981). This court's opinion in Redding v. State, 431 So.2d 706 (Fla. 2d DCA 1983), does not show the date on which the offense in that case was committed.
BOARDMAN, A.C.J., and DANAHY and LEHAN, JJ., concur.