438 So.2d 399 (1983)
George WICKER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 83-273.
District Court of Appeal of Florida, Second District.
September 21, 1983.
*400 Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Diane Barrs, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, George Wicker, Jr., has appealed from the judgments and sentences entered pursuant to jury verdicts finding him guilty of armed burglary with assault, armed sexual battery, and armed robbery.
We find no merit in appellant's contention that he was improperly convicted and accordingly affirm the judgments entered by the trial court. However, we agree that the trial court erred when imposing sentences upon the appellant.
First, the appellant was sentenced to serve seventy-five years on each of the charges, and the sentences for armed sexual battery and armed robbery were to run consecutive to the armed burglary assault charge. The court retained jurisdiction over one-third of each sentence.
At the time the appellant committed the offenses, for which he was convicted, section 947.16(3), Florida Statutes (1981), provided in part:
When any person is convicted of two or more felonies and consecutive sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to one-third of the total consecutive sentences imposed.
Accordingly, the trial court had the authority to retain jurisdiction to review any parole commission release order for one-third of the total consecutive sentences imposed, but not for the first one-third of each of the consecutive sentences imposed. Adams v. State, 435 So.2d 953 (Fla. 2d DCA 1983); Wicker v. State, 438 So.2d 398 (Fla. 2d DCA 1983); Goree v. State, 411 So.2d 1352 (Fla. 3d DCA 1982).
Additionally, although the sentences indicate the appellant is to receive credit for "time served," they do not set forth a specific period of credit time as required by section 921.161(1), Florida Statutes (1981). Moore v. State, 428 So.2d 789 (Fla. 2d DCA 1983); Wicker.
We, therefore, affirm the appellant's convictions but strike each of the special provisions for retention of jurisdiction and remand to the trial court with directions to reconsider the period of retention in accordance with section 947.16(3), Florida Statutes (1981). Additionally, if the court determines that the appellant is entitled to receive credit for time served, the specific amount of such credit must be included in the sentence.
REVERSED and REMANDED.
BOARDMAN, A.C.J., and GRIMES, J., concur.