445 So.2d 583 (1983)
George WICKER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 83-272.
District Court of Appeal of Florida, Second District.
October 28, 1983.
Rehearing Denied February 15, 1984.
*584 Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Diane Barrs, Asst. Atty. Gen., Tampa, for appellee.
Rehearing En Banc Denied February 15, 1984.
OTT, Chief Judge.
George Wicker, Jr., appeals from the judgments and sentences resulting from his jury convictions of armed burglary with assault and involuntary sexual battery. We find no merit to the points raised by appellant on appeal, except for those relating to certain aspects of the sentences.
First, the sentences do not reflect jail credit for time served, as required by section 921.161(1), Florida Statutes (1981). Accordingly, we remand for a determination of whether appellant is entitled to receive credit for time served. If so, such credit should be included in the sentence. See Wicker v. State, 438 So.2d 398 (Fla. 2d DCA 1983); Wicker v. State, 438 So.2d 399 (Fla. 2d DCA 1983).
Second, the trial court erred in retaining jurisdiction over one-third of each of the consecutive sentences imposed. Wicker; Wicker; Adams v. State, 435 So.2d 953 (Fla. 2d DCA 1983). Therefore, we strike each of the special provisions for retention of jurisdiction and remand to the trial court with directions to reconsider the period of retention in accordance with section 947.16(3), Florida Statutes (1981).
We therefore AFFIRM appellant's convictions and REMAND for correction and reconsideration of the sentences in a manner consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
BOARDMAN and SCHEB, JJ., concur.

ON MOTION FOR REHEARING EN BANC
OTT, Chief Judge.
In his motion for rehearing en banc, defendant argues that this court must vacate his conviction of involuntary sexual battery because such assault was used as an enhancing factor in his first-degree burglary conviction. He notes the court reached that result sua sponte in Wicker v. State, 445 So.2d 581 (Fla. 2d DCA 1983), and claims that the cases are identical.
To convict a person of first-degree burglary, the state must prove not only the essential elements of burglary, as defined *585 in section 810.02(1), but also that in the course of committing the burglary, the defendant either made an assault upon a person or was armed or armed himself within the structure with explosives or a dangerous weapon. McRae v. State, 383 So.2d 289, 293 (Fla. 2d DCA 1980). In cases where the information alleges as enhancing factors that the defendant made an assault and that the defendant was armed or armed himself within the dwelling and the jury's verdict indicates that both of these allegations were established, the defendant may be convicted of and sentenced for both the enhanced burglary and the sexual battery without running afoul of the constitutional prohibition against twice placing a person in jeopardy.[1]See McRae. In such cases, the allegation of assault in the burglary count is deemed surplusage, as it is not necessary for a conviction of first-degree burglary. McRae.
In Wicker, 445 So.2d 581 the amended information alleged a burglary with an assault as the only enhancing factor.[2] There was no allegation that the defendant was armed or armed himself within the dwelling with a deadly weapon. Thus, convictions of and sentences for both first-degree burglary and the indispensable sexual battery raised possible double jeopardy issues. See generally McRae; Speed v. State, 410 So.2d 980 (Fla. 2d DCA 1982). On this ground, the court in Wicker vacated the defendant's involuntary sexual battery conviction.
In the instant case, the information alleged a burglary with assault (involuntary sexual battery) and that defendant carried a deadly weapon.[3] The evidence and verdict indicate that both allegations were established. Thus, defendant was properly convicted of and sentenced for both the first-degree burglary and the involuntary sexual battery. See McRae.
There is no conflict or lack of uniformity between the Wicker opinions. Wicker, No. 83-272, was correctly decided. Accordingly, defendant's motion for rehearing en banc is DENIED.
BOARDMAN and SCHEB, JJ., concur.
NOTES
[1] See Bell v. State, 437 So.2d 1057 (Fla. 1983), for a recent statement by the supreme court on the law of double jeopardy.
[2] George Wicker, Jr. of the County of Pinellas and State of Florida, on the 15th day of November In the year of our Lord, one thousand nine hundred eighty-one In the County and State aforesaid

unlawfully and without invitation or license did stealthily enter that certain structure, the dwelling of ... located at ... in the City of St. Petersburg, in the County and State aforesaid, the property of ... with the intent to commit an offense therein, to-wit: theft and/or involuntary sexual battery and/or robbery, and in the course of committing the said burglary the said GEORGE WICKER, JR. did make an assault upon ... the said structure not at the time open to the public; contrary to Chapter 810.02(2), Florida Statutes, and against the peace and dignity of the State of Florida.
[3] George Wicker, Jr. of the County of Pinellas and State of Florida, on the 22nd day of September In the year of our Lord, one thousand nine hundred eighty-one In the County and State aforesaid

unlawfully and without invitation or license did enter or remain in that certain structure, the dwelling of ... located at ... in the City of St. Petersburg, in the County and State aforesaid, the property of ... with the intent to commit an offense therein, to-wit: theft and/or involuntary sexual battery, and during the course thereof make an assault upon ... by threatening her with bodily harm and during the course thereof did carry a deadly weapon, to-wit: a firearm, and said structure at the time not open to the public; contrary to Chapter 810.02, Florida Statutes, and against the peace and dignity of the State of Florida.