449 So.2d 1296 (1984)
Oscar BLACKWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 83-426.
District Court of Appeal of Florida, Second District.
April 18, 1984.
Rehearing Denied May 17, 1984.
*1297 Jerry Hill, Public Defender, Bartow and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Oscar Blackwell appeals from his convictions and sentences for three counts of attempted armed robbery, one count of conspiracy to commit armed robbery, one count of carrying a concealed firearm, and one count of felon in possession of a firearm. Several issues have been raised in this appeal. We find that the trial court improperly retained jurisdiction over one-third of each sentence imposed, and mistakenly failed to provide jail time credit on one of the sentences imposed. In all other respects, we affirm.
The trial court entered various sentences and retained jurisdiction over Blackwell for one-third of each sentence. This was improper under section 947.16(3), Florida Statutes (1981), which limits the jurisdiction which the trial court may retain over Blackwell to one-third of the total consecutive sentences imposed. We therefore strike the various provisions of retention of jurisdiction and remand this case for reconsideration of the period of retention in accordance with section 947.16(3), Florida Statutes (1981). See Wicker v. State, 438 So.2d 399 (Fla. 2d DCA 1983); Adams v. State, 435 So.2d 953 (Fla. 2d DCA 1983).
We also strike the retention of jurisdiction over one-third of the sentence imposed for Blackwell's conviction as a felon in possession of a firearm. § 947.16(3), Fla. Stat. (1981). See Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984).
The trial court ordered that Blackwell's sentence for felon in possession of a firearm run concurrent with his sentence for one count of attempted armed robbery. The trial court allowed Blackwell 319 days of jail time credit on the sentence for attempted armed robbery, but did not allow jail time credit on the concurrent sentence for felon in possession of a firearm. Not allowing jail time credit on the concurrent sentence was improper. Martin v. State. Upon remand, the trial court shall correct Blackwell's sentence for felon in possession of a firearm to reflect 319 days jail time credit as to that sentence.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
SCHOONOVER and LEHAN, JJ., concur.