PER CURIAM.
Appellant was convicted of nine crimes which were charged in a single information. He now attacks the propriety of the sentences imposed for these crimes.
At sentencing the court stated:
At this time as to Count I, I’m going to adjudicate the defendant guilty of the attempted robbery, sentence him to fifteen years in the Florida State Prison.
As to Count II, I will adjudicate the defendant guilty of robbery with a weapon. I am going also to retain jurisdiction over one-third of that sentence, and I will explain my reasons for retention when I conclude the sentencing.
As to Count V, I will adjudicate the defendant guilty of aggravated assault with a weapon, sentence him to five years in the Florida State Prison with credit, to run consecutive to Count IX and. concurrent with Count II.
As to Count III, I will sentence Mr. James to thirty years in the Florida State Prison. It will run consecutive to Counts I, II and Count V.
As to Count IV, I will adjudicate Mr. James guilty of robbery with a weapon and sentence him to thirty years in the Florida State Prison. This is to run consecutive to Count III. I am also going to retain jurisdiction on Count IV.
As to Count VII, Judge Merckle directed a verdict as to the kidnapping. He adjudicated the defendant guilty as to false imprisonment. He sentenced him to five years in the Florida State Prison. I will sentence him to five years in the Florida State Prison.
As to Count VIII, I will adjudicate him guilty of false imprisonment, sentence *1224 him to five years in the Florida State Prison to run consecutive to Count VII.
As to Count IX, I will adjudicate the defendant guilty, sentence him to fifteen years in the Florida State Prison to run concurrent; however, I will retain jurisdiction on Count IX also.
On Count VI, I will adjudicate the defendant guilty, sentence him to fifteen years in the Florida State Prison. This sentence is to run consecutive to Count IV. Excuse me. I will retain jurisdiction on this count also.
I will also further state for the record that all these counts are to run consecutive to the previous sentence issued by this court for violation of probation.
I am retaining jurisdiction pursuant to Chapter 947.163 for one third of the maximum sentence imposed ....
Relying upon Gatti v. State, 324 So.2d 193 (Fla. 2d DCA 1975), appellant first argues that his written sentences should be corrected to conform to those pronounced in open court. Accord Yates v. State, 429 So.2d 815 (Fla. 2d DCA 1983). He also points out that contrary to Goree v. State, 411 So.2d 1352 (Fla. 3d DCA 1982), the written sentences purport to retain jurisdiction for one third of each of the consecutive sentences rather than one third of the total of the consecutive sentences. Accord Adams v. State, 435 So.2d 953 (Fla. 2d DCA 1983). Finally, appellant contends that his sentences as imposed are virtually incomprehensible.
Since we accept appellant’s third premise, there is no need for us to reach his first two contentions. After imposing the sentences, the trial judge filed certain notes in the court record with the observation, “maybe the Second District Court can look at the record to determine the actual sentences.” His confidence in our abilities is misplaced. We simply cannot say with certainty what sentences appellant will be serving at any particular point in time during his incarceration. Accordingly, as in Campbell v. State, 379 So.2d 1011 (Fla. 4th DCA), cert. denied, 388 So.2d 1110 (Fla.1980), we “remand the case to the trial court and respectfully request the trial judge to resentence appellant in a fashion and in terms which will be easier for all to understand.” Id. at 1013.
HOBSON, A.C.J., and GRIMES and CAMPBELL, JJ., concur.