PER CURIAM.
The defendant was charged with armed burglary of a structure, armed kidnapping, multiple counts of attempted armed robbery, and first-degree murder. He was convicted on one count of armed burglary of a structure and multiple counts of attempted armed robbery. We affirm the convictions.
The wife of the victim of the alleged murder identified her deceased husband as the victim, notwithstanding that he had been previously identified by a non-relative. Although erroneous, the admission of the wife’s testimony was harmless where, as here, her testimony was required as to other matters at issue in the case; the record fails to show that her demeanor was such as to unduly evoke the jury’s sympathy; and, most significantly, the jury did not convict the defendant on the murder charge. See Welty v. State, 402 So.2d 1159 (Fla.1981).
The admission of the defendant’s taped confession, even if error, is similarly harmless in light of the overwhelming evidence of defendant’s guilt, including an earlier confession, which was, as the defendant concedes, correctly admitted.
Although we affirm the convictions, we remand the cause for correction of the sentences imposed. A “trial court may not *1123 ... retain jurisdiction for the first one-third of each of the consecutive sentences imposed.” Goree v. State, 411 So.2d 1352, 1854 (Fla. 3d DCA 1982). Accordingly, the trial court must correct the written sentences to clarify that it retains jurisdiction over one-third of the total consecutive sentences. ' See Wicker v. State, 445 So.2d 583 (Fla. 2d DCA 1983); Wicker v. State, 438 So.2d 398 (Fla. 2d DCA 1983); Adams v. State, 435 So.2d 953 (Fla. 2d DCA 1983).
Judgment affirmed; remanded for correction of sentences.