462 So.2d 858 (1985)
Charles Laverne JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 84-696.
District Court of Appeal of Florida, Second District.
January 25, 1985.
*859 James Marion Moorman, Public Defender, and W.C. McLain, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
LOGAN, PAUL E., Associate Judge.
Appellant Charles Laverne James appeals his judgment and sentence. We affirm in part and reverse and remand for correction of a sentencing error.
Appellant James was charged with armed robbery, two counts of aggravated assault, two counts of attempted first degree murder, grand theft, and possession of a firearm by a convicted felon. He pled guilty to armed robbery, aggravated assault, attempted second degree murder, and grand theft and was sentenced to the following consecutive sentences: ten years with a three-year minimum mandatory for armed robbery, five years with a three-year minimum mandatory for aggravated assault, ten years with a three-year minimum mandatory for attempted second degree murder, and five years for grand theft. The appellant filed a motion to correct sentence, urging that the trial court had erred by imposing minimum mandatory sentences consecutive to each other where the offenses were committed during the same criminal transaction. The trial judge denied the motion, with the exception of deleting the three-year minimum for aggravated assault.
The series of events leading to the charges against the appellant was as follows. The appellant and two other men, all armed with firearms, entered a bank in Fort Meade. They robbed a bank employee of bank money while holding her at gunpoint and herded the bank customers into a back room. While directing the customers into the back room, the appellant pointed a gun at a man named Mr. Baker.
The Fort Meade Police Department then arrived, having been summoned by a silent alarm system. The robbers saw the police officers, and one announced they were going to have to shoot their way out. The appellant engaged in a gunfight with the police chief; then he and another of the robbers took the police captain's car and stole it.
Appellant contended, both in the trial court and on appeal, that the imposition of consecutive minimum mandatory sentences was erroneous in light of Palmer v. State, 438 So.2d 1 (Fla. 1983). The Palmer court struck down the imposition of thirteen consecutive minimum mandatory sentences for thirteen counts of robbery committed against mourners at a funeral parlor. At the same time, the Palmer court specifically held that it did not prohibit consecutive mandatory minimum sentences for "offenses arising from separate incidents occurring at separate times and places." 438 So.2d at 4.
In this case the prosecutor conceded that the armed robbery and aggravated assault were part of the same criminal transaction. The judge agreed and deleted the three-year minimum mandatory for aggravated assault. Although the finding that the crimes arose from the same transaction was correct, the remedy was improper. The judge should have corrected the aggravated assault sentence to run concurrently with the armed robbery sentence, because section 775.087(2), Florida Statutes, requires imposition of a three-year minimum sentence for aggravated assault committed by a person possessing a firearm.
The state did not concede, however, that the attempted second degree murder and the armed robbery were part of the same criminal transaction, and the judge found that the armed robbery and aggravated assault were essentially completed criminal episodes when the police arrived. The appellant's gunfight with the police chief began at a distinct time in the chain of events. Furthermore, it occurred as the appellant and the other robbers were exiting the bank. Although the prosecutor admitted at the hearing on the motion to correct sentence that the location of the *860 shooting was not entirely clear from the factual basis for the plea, the depositions taken reflected that the appellant was at the back door of the bank when the shooting began, ducked back, and then went outside and fired additional shots. By any construction of the events it is clear that the police chief who was the target of attempted second degree murder was not within the bank when the shooting began. Thus, the Palmer requisite that the incidents occur at separate times and places in order for the legal imposition of consecutive minimum mandatory sentences was indeed met.
What Palmer prohibits is the imposition of consecutive mandatory sentences for crimes arising out of a single criminal episode, such as the situation in Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984). There, our sister court struck down the imposition of consecutive minimum mandatory sentences for aggravated assault and armed robbery where the defendant placed a handgun in the victim's side and robbed her. The fourth district found that the assault was "part and parcel" of the armed robbery. 446 So.2d at 198. Here, however, the attempted second degree murder was an outgrowth of the appellant's attempt to escape from the bank, where he had already committed armed robbery and aggravated assault.
Therefore, we affirm the trial court's imposition of consecutive minimum mandatory sentences for attempted murder and armed robbery, but we reverse the trial judge's decision to delete the minimum mandatory for aggravated assault and remand for correction of this sentencing error.
RYDER, C.J., and GRIMES, J., concur.