472 So.2d 796 (1985)
Alcides CASTRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1483.
District Court of Appeal of Florida, Third District.
July 2, 1985.
Rehearing Denied August 6, 1985.
*797 Bennett H. Brummer, Public Defender and May L. Cain, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Diane Leeds and Michael J. Neimand, Asst. Attys. Gen., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
This appeal arises from Alcides Castro's conviction for attempted first degree murder with a firearm, armed burglary with an assault with a firearm, armed robbery with a firearm, and carrying a concealed firearm. Castro received three consecutive ninety-year sentences for the attempted murder, burglary, and robbery convictions and a consecutive one-year sentence for the concealed firearm conviction. Because a firearm was used in the commission of the first three crimes, the trial court imposed three three-year minimum mandatory sentences. The minimum mandatory sentences for burglary and robbery were to be concurrent with each other but consecutive to the minimum mandatory sentence imposed for the attempted murder.
The events leading to Castro's arrest and conviction commenced when 78-year old Teresa Almaguer became aware of two armed intruders in her home. The intruders robbed Mrs. Almaguer at gunpoint, taking her chain, ring, and glasses. Officer Michael Manning, responding to a police call, knocked on the door of the Almaguer house. Castro opened it slightly and peered out. As Officer Manning began to question him, Castro pushed the door open and fired his weapon, striking Officer Manning in the thigh. Castro was arrested, charged, and tried by a jury. Following his conviction and sentencing, he filed this appeal.
On appeal Castro challenges the trial court's refusal to submit separate verdict forms for attempted premeditated murder and attempted felony murder; the court's imposition of consecutive minimum mandatory sentences for offenses occurring during a continuous criminal episode; the court's denial of his motion to suppress his confessions; and the trial court's reading of the jury instructions on attempted murder. We affirm the convictions and sentences because we find no reversible error.
Castro contends that the trial court erred in denying his request for an attempted first degree murder verdict form containing separate boxes for attempted premeditated murder and attempted felony murder. He maintains that because a conviction and sentence for attempted felony murder would preclude imposition of a sentence for the underlying felony, he was entitled to know the theory behind the jury's verdict of guilt. Thus, he suggests, the trial court may have erred in sentencing him for both the underlying felonies of robbery and burglary in addition to the attempted murder.
While we agree that the better practice would include submission of a special verdict form permitting a jury to disclose its grounds for finding a defendant guilty of first degree murder, we find no error in the court's refusal to submit the form. The Florida Supreme Court has considered the issue.
[W]e recognize there could be improvement in the manner in which a case is *798 presented to the jury on alternate theories of felony murder and premeditated murder. One possible solution would be the use of special verdict forms for such cases, but we are reluctant to decide the wisdom of such a change without the opportunity for full comment from the bench, bar, and other interested parties. Therefore, we request this Court's Committee on Standard Jury Instructions in Criminal Cases, in cooperation with the Criminal Procedure Rules Committee of The Florida Bar, and any other interested person or association, to submit suggestions on this issue to the Court by July 1, 1981. If these suggestions necessitate any change of rule, instruction, or verdict form, such recommended changes should also be included. It is our intention to allow interested persons until September 15, 1981, to respond to any recommendations received in this matter. (emphasis supplied)
Matter of Use by Trial Courts of Standard Jury Instructions, 431 So.2d 594, 597-98 (Fla. 1981). The court has not mandated the use of special verdict forms. The trial judge was thus under no obligation to submit a special verdict form, and the matter rested within his sound discretion.
Furthermore, the record reveals that the evidence supports a finding of premeditation which would sustain the imposition of sentences for the robbery and burglary convictions in addition to the attempted murder. See Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); McCampbell v. State, 421 So.2d 1072 (Fla. 1982); Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); Tafero v. State, 403 So.2d 355 (Fla. 1981), cert. denied, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 694 (1982); cf. State v. Hegstrom, 401 So.2d 1343 (Fla. 1981) (where jury rejected finding of premeditation, defendant could not be sentenced on underlying felony).
Castro next argues that his convictions arose from a single criminal episode precluding, under Palmer v. State, 438 So.2d 1 (Fla. 1983), the imposition of consecutive three-year minimum mandatory sentences. We reject Castro's argument based upon the trial court's finding that:
[T]he events which led to the defendant's conviction consisted of two different and distinct series of events. The first series of events was the entry of the defendant into the victim's home at gunpoint and the robbery of the victim, Teresa Almaguer, at gunpoint. The second series of events involved in the case is when Officer Michael Manning responded to the victim's house and was shot by the defendant. It is the finding of this Court that the acts of the Burglary and Robbery were distinct and separate from the act of shooting the police officer.
It is clear from the record that the robbery and burglary occurred inside the home, and the attempted murder of the police officer took place outside the house. Thus, the criminal activities involved two separate incidents, and consecutive mandatory sentences are permissible. Pratt v. State, 472 So.2d 799 (Fla. 3d DCA 1985); James v. State, 462 So.2d 858 (Fla. 2d DCA 1985); see Palmer at 4; Whitehead v. State, 446 So.2d 194, 198 (Fla. 4th DCA 1984).
Finding no merit in the remaining points, we affirm.
NESBITT, J., concurs.
FERGUSON, Judge (dissenting in part).
My concern is that a defendant might be entitled to a special verdict instruction where the indictment or information permits a jury to return a verdict for first-degree murder on alternative theories of premeditation and felony murder, since under Bell v. State, 437 So.2d 1057 (Fla. 1983), the defendant could not be convicted or sentenced for the felony underlying a felony murder conviction. The Florida Supreme Court expressed this concern in Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597-98 (Fla. 1981), as set out in the majority opinion. Although I am troubled by the court's reluctance to mandate the *799 use of special verdict forms in such cases where the defendant so requests, the decision of the majority upholding separate convictions for robbery and burglary in addition to attempted first-degree murder is without support in the evidence even under the current state of the law.
I dissent to the disposition of this case for the following reason. The defendant did request a special verdict form so that the jury could indicate whether it found an attempted felony murder or an attempted premeditated murder. If the jury actually found only an attempted felony murder, a conviction for one of the two underlying felonies could not stand. My disagreement is with the majority holding that the evidence supports a finding of premeditation. I would find the evidence of premeditation insufficient as a matter of law.
In Griffin v. State, 474 So.2d 777 (Fla. 1985), a case which is the mirror image of this one, the indictment charged both premeditated and felony murder in the alternative. The jury verdict form did not specify on which theory the jury had found the defendant guilty. Griffin raised the same argument as defendant here, that the murder conviction rested on a felony murder theory and precluded a separate conviction and sentence for the underlying felony (robbery). Griffin, however, had not requested a special instruction. The court found that the evidence did not support a conviction on the theory of felony murder, since there was "no indication in the record that [the victim] precipitated an accidental or reflexive shooting... ." Id. at 780. Because this left only a finding of premeditation, the court affirmed both the robbery and murder convictions and sentences.
Here, unlike in Griffin, the evidence supports a finding that the shooting was simply a "reflexive" reaction to the defendant's being surprised by a police officer while in the act of committing a burglary and robbery. No evidence of premeditation exists. Where an attempted first-degree murder conviction rests on evidence of an attempted felony murder without proof of premeditation, a defendant may not be convicted and sentenced for both the attempted felony murder and the underlying felony. See Hillery v. State, 391 So.2d 776, 777 (Fla. 4th DCA 1980); Harkins v. State, 380 So.2d 524, 528 (Fla. 5th DCA 1980).
Defendant requested a jury trial which was granted except as to the finding of premeditation, a finding necessary to a separate conviction and sentence for both the robbery and burglary. It strikes me as a deprivation (in part) of a constitutionally guaranteed right. Central to my dissent is that the issue of premeditation should have been submitted to the jury as an issue of fact which would have foreclosed the necessity to examine it as a question of law.