SCHEB, Judge.
Defendant Dale Lee Connolly, Sr., seeks reversal of his judgments and sentences for one count of first-degree murder and three counts of attempted first-degree murder. He raises several points on appeal. We find merit only in his contentions that the trial court erred in retaining jurisdiction over one-third of each of three consecutive sentences and in imposing three consecutive mandatory minimum sentences for use of a firearm in the commission of the three attempted murders.
The state charged defendant with one count of first-degree murder and three counts of attempted first-degree murder in violation of section 782.04, Florida Statutes (Supp.1982) and section 777.04, Florida Statutes (1981). Defendant pled not guilty and was tried by jury.
The evidence at trial revealed the following facts. On March 16, 1983, the defendant and his wife argued over the use of the family car by one of their sons, Dale, Jr. The son left in the ear about 5:30 p.m. and the defendant’s wife went into the kitchen to clean the dishes with the help of Dianna, her fourteen year old daughter. Another son, John, was also in the kitchen. The defendant yelled at his wife and daughter to turn off or turn down the music they were playing. The wife turned the music off and began washing the dishes. As she turned around to get more dishes, defendant shot her with a shotgun. The wife estimated the defendant fired the shot about ten minutes after her son, Dale, left in the car.
After defendant shot her, the wife ran from the kitchen to a back bedroom and fell across a bed. The defendant put another shell in the shotgun’s chamber. Dianna asked defendant if she could leave the house. He assented. After she fled, John began to move in front of the defendant. Defendant told John to get out of the way because he intended to shoot his wife again.
John stayed with his father a few minutes attempting to talk him into relinquishing his gun. Defendant told John that, since he had gone this far, he was going to take as many people with him as he could and then shoot himself. John told the defendant to let him make sure everybody was out of the house. John then checked on his mother’s condition and went to see if an ambulance had been called. As he left, he saw the defendant in the house with the shotgun.
At 5:50 p.m. Deputy Mark Vutsinas received a call to investigate the shooting. A few minutes before 6:00 p.m. he arrived at defendant’s house. Defendant shot at him twice. Deputy Ronnie Fewell responded to Vutsinas’ back-up call. As he stepped from his vehicle, defendant fired at him striking him in the abdomen. Fewell died from the resulting wound. When Deputy Joseph Caiazza arrived shortly after 6:00 p.m. and attempted to rescue Fewell, defendant also shot at him.
The jury found the defendant guilty as charged on all counts. For the first degree murder of Deputy Fewell the trial judge sentenced defendant to life imprisonment with a twenty-five year mandatory minimum prison term under section 775.082(1), Florida Statutes (1981). He imposed three consecutive thirty-year sentences for each count of attempted murder and retained jurisdiction over ten years over each of *914 these sentences under section 947.16(3), Florida Statutes (1983). He also imposed three consecutive three-year mandatory minimum sentences for the use of a firearm in the commission of the attempted murders under section 775.087(2), Florida Statutes (1981).
Defendant is correct in asserting that the trial court erred in retaining jurisdiction over each of the three sentences for attempted murder. The court should have retained jurisdiction over one-third of the total ninety years to be served for the three attempted first-degree murders, or thirty years. See Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984); Wicker v. State, 438 So.2d 399 (Fla. 2d DCA 1983); Adams v. State, 435 So.2d 953 (Fla. 2d DCA 1983).
Next, defendant argues that all three charges of attempted murder arose out of the same episode. Therefore, he contends the trial court erred in imposing the three consecutive mandatory minimum sentences.
In Palmer v. State, 438 So.2d 1 (Fla.1983), the supreme court disallowed the imposition of cumulative three-year mandatory minimum sentences for each of thirteen consecutive sentences arising from the same criminal episode. The court noted, however, that its decision did not prohibit consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places. Id., 438 So.2d at 4. Accord, Wilson v. State, 467 So.2d 996 (Fla.1985); State v. Ames, 467 So.2d 994 (Fla.1985).
In Wilson the defendant pled guilty to sexual battery with a firearm and kidnapping with a firearm. Wilson forced his victim into a car, drove a short distance away, and then raped her. The supreme court held that this was a single continuous episode for which consecutive mandatory minimum sentences were improper. Likewise, in Ames, the supreme court concluded that the defendant’s criminal conduct consisted of a single continuous episode where he sexually battered and robbed the victim while burglarizing her home.
In Thomas v. State, 472 So.2d 1221 (Fla. 1st DCA 1985), the first district applied the rationale of Wilson in addressing the issue of consecutive mandatory minimum sentences. There, the defendant entered one victim’s house trailer and shot her several times. While Thomas reloaded the weapon, the victim escaped to her yard. He followed her shooting her again. When the victim’s son attempted to come to her aid, Thomas fired at him inflicting no injury. Thomas was convicted of attempted first-degree murder for his acts toward the female victim and aggravated assault for the shot at her son. In light of Wilson, the first district determined that this was a single continuous episode for which consecutive mandatory minimum sentences were improper.
Under the rationale of the above cases we must conclude that the two attempted murders arising from the shots fired at two of the police officers arose from a single continuous episode. Thus, consecutive mandatory minimum sentences for these two crimes were improper.
However, we find the facts concerning the attempted murder of defendant’s wife are distinguishable from the facts in Wilson, Ames, and Thomas. Our decision in James v. State, 462 So.2d 858 (Fla. 2d DCA 1985), mandates a different result for the sentence for that attempted murder. See also Castro v. State, 472 So.2d 796 (Fla. 3d DCA 1985); Pratt v. State, 472 So.2d 799 (Fla. 3d DCA 1985).
In James the defendant, using a firearm, robbed a bank employee. While directing customers into a back room, he pointed the gun at another man. Responding to a silent alarm the police came on the scene. When they arrived, the defendant engaged in a gunfight with the police chief while trying to escape. This court determined that the attempted second-degree murder of the police chief was a separate incident under the Palmer rationale for which a consecutive mandatory minimum sentence was proper.
*915 Similarly, in Castro, the third district noted that the defendant’s convictions arose from two distinct series of events. In the first, he entered the victim’s home at gunpoint and robbed her. The second series of events began when a police officer arrived at the victim’s home and was shot by the defendant. Thus, the third district held that a consecutive mandatory minimum sentence for the attempted murder of the officer was permissible.
Here, the evidence reveals that about fifteen minutes elapsed between the defendant’s attempt to murder his wife and the shots he fired at the first police officer. As noted, defendant’s son attempted to persuade defendant to relinquish the gun after his mother was wounded. After the son left, the first police officer arrived. Consequently, we conclude that the attempted murder of the wife was a separate episode from the attempted murders of the two police officers. Castro; Pratt; James.
We hold the trial judge should have imposed two concurrent mandatory minimum sentences for the attempted murders of the police officers. Additionally, he should have imposed a mandatory minimum sentence for the attempted murder of defendant’s wife to be served consecutively to the other two concurrent mandatory minimum sentences. § 775.087(2); Palmer, 438 So.2d at 4; James.
Accordingly, we affirm defendant’s convictions and his sentence for first-degree murder. We vacate his sentences for the three attempted first-degree murders and remand for proceedings consistent with this opinion.
RYDER, C.J., and FRANK, J., concur.