THOMPSON, Judge.
Brannin appeals his convictions and sentences for two counts of first degree murder, armed burglary, kidnapping and sexual battery. He contends, inter alia, that the trial court erred in denying his motion for mistrial made after a witness commented on his right to remain silent, and in retaining jurisdiction to review any parole orders during the first one-half of each of *246 three consecutive sentences. We affirm in part and reverse in part.
A Florida Department of Law Enforcement agent testified at the trial of this cause that he advised Brannin of his constitutional rights and that Brannin refused to sign a waiver of those rights. Then, in response to a question by the prosecutor, the agent testified that Brannin “did not want to give a statement.” An immediate objection and motion for mistrial was made, and after argument to the court the motion for mistrial was denied.
The agent’s statement was an impermissible comment on the defendant’s right to remain silent which at the time this appeal was taken was considered to be fundamental error. It could not be deemed harmless, and was per se grounds for reversal. Our Supreme Court has since adopted the harmless error test used in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) saying:
It makes no sense to burden our legal system with a new trial when the result will be the same. As the Supreme Court noted in Hasting, there can be no such thing as an error-free, perfect trial, and the constitution does not guarantee such a trial. 461 U.S. at 508-09, 103 S.Ct. at 1980. To insure that as fair a trial as possible is given, we adopt the harmless error test used in Chapman and Hasting. Therefore, an appellate court must inquire on review: Absent the comment on silence, is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?
State v. DiGuilio, 10 FLW 430, 432 (Fla. Aug. 29,1985). The evidence of guilt in this case is so overwhelming and conclusive that it is impossible to conceive that a jury could have returned any verdict other than guilty. The error is therefore harmless and does not require reversal and retrial.
The trial court retained jurisdiction to review any parole orders issued during the first one-half of each of the two 90-year consecutive sentences and the first one-half of the 30-year consecutive sentence. The proper way to reserve jurisdiction over consecutive sentences is to enter an order reserving jurisdiction over one-half of the total. In this case, the total of the consecutive sentences is 210 years. We therefore modify the judgment and sentences to provide that jurisdiction to review any parole order is retained for 105 years.
We find no error in the remaining issues raised and the judgment and sentences, as modified, are AFFIRMED.
WIGGINTON, J„ concurs.
NIMMONS, J., specially concurs.