EHRLICH, Justice.
We have for our review Brannin v. State, 476 So.2d 245 (Fla. 1st DCA 1985). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, based on apparent conflict with State v. DiGuilio, No. 65,490 (Fla. Aug. 29, 1985),* and State v. Burwick, 442 So.2d 944 (Fla.1983), cert. denied, 466 U.S. 931, 104 S.Ct. 1719, 80 L.Ed.2d 191 (1984). We approve the result reached by the district court below.
Brannin was convicted and sentenced for two counts of first-degree murder, armed burglary, kidnapping and sexual battery. On appeal Brannin alleged that the trial court erred in denying his motion for mistrial after a witness, a Florida Department of Law Enforcement agent, commented on Brannin’s exercising his right to remain silent. The district court correctly acknowledged that the agent’s statement was an impermissible comment but, relying on State v. DiGuilio, No. 65,490 (Fla.1985), concluded that the error was harmless, reasoning:
The evidence of guilt in this case is so overwhelming and conclusive that it is impossible to conceive that a jury could have returned any verdict other than guilty.
476 So.2d at 246.
In his petition for rehearing before the district court and now before this Court, Brannin alleges that the district court erred by failing to consider our decision in Burwick. Our review of the record reveals that the question of Brannin’s factual guilt was largely uncontested at trial. His primary theory of defense was not guilty by reason of insanity. Lay and expert testimony that Brannin was insane was presented at trial. The jury deliberated for approximately two hours, requested that the insanity instruction be reread, and *125 deliberated for approximately two more hours before reaching a verdict. The question of Brannin’s sanity appears to at least have been an arguable question. Brannin therefore argues that the district court’s finding the evidence of guilt overwhelming can only be interpreted to. mean that the district court misperceived the issue in his case, and points to the absence of any mention of Burwick in the opinion below as evidence of the district court’s confusion. Even assuming that the evidence of Bran-nin’s sanity was not overwhelming, we disagree with Brannin that Burwick requires that he receive a new trial.
The issue in Burwick was narrow. Is it permissible for the state, in an attempt to rebut a defendant’s claim of insanity, to elicit testimony about the defendant’s exercise of constitutional rights? We rejected the argument that post-arrest silence or the request for counsel was probative of a defendant’s sanity, reasoning:
Silence in the face of accusation is an enigma and should not be determinative of one’s mental condition just as it is not determinative of one’s guilt.
442 So.2d at 948. In short, Burwick stands for the proposition that testimony about an accused’s exercise of constitutional rights, regardless of the nature of the defense raised, is error.
The district court correctly recognized that the remedy for such error is not controlled by Burwick, but is instead subject to the harmless error test announced in our decision in State v. DiGuilio, No. 65,490 (Fla. Aug. 29, 1985). However, because of the arguably ambiguous language employed by the district court in applying this standard of review, we repeat the relevant language from State v. DiGuilio, 491 So.2d 1129 (Fla.1986):
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
At 1139.
At the trial sub judice the state introduced during its case-in-chief evidence of Brannin’s behavior during the commission of the crime, at the time of his arrest and the several hours subsequent to his arrest. Each witness was asked by both the state and defense whether Brannin appeared to understand what was happening around him, appeared to be hallucinating, mumbled or talked to himself, was intoxicated or under the influence of drugs, or exhibited any other bizarre behavior. Several police agents testified, one of whom improperly commented that Brannin refused to sign a waiver of rights form and did not want to answer any more questions. The testimony of each witness provided the jury with properly admitted, probative information about Brannin’s behavior during this time period. Based on our review of the entire record, it is clear to us beyond a reasonable doubt that there is no reasonable possibility that this one improper comment affected the verdict.
Accordingly, we approve the result reached by the district court below.
It is so ordered.
McDonald, C.J., and BOYD, OVER-TON, SHAW and BARKETT, JJ., concur.
ADKINS, J., dissents.

 We granted rehearing in State v. DiGuilio, No. 65,490, and substituted our opinion of July 17, 1986 for the opinion issued on August 29, 1985. The decision under review conflicts with both DiGuilio opinions.