SHIVERS, Judge.
This appeal comes before us by way of appellant, Bruce Johnson’s, motion for post-conviction relief. The trial court denied Johnson’s motion stating that “it affirmatively appears from a reading of the motion that ... [the post-conviction motion] is legally insufficient to. justify relief under Rule 3.850 — ” The issue in the instant case is whether the trial court incorrectly retained jurisdiction over the first third of each of Johnson’s consecutive prison sentences for armed robbery. We conclude that the trial court erred in retaining jurisdiction as it did, and remand Johnson’s sentencing order for resentencing.
Johnson asserts four grounds on which he bases his request for post-conviction relief. We find merit in only ground one of Johnson’s motion. Ground one submits that Johnson’s right to due process was violated because the trial court ordered retention of jurisdiction over the first third of each of the consecutive sentences he was to serve. Specifically, Johnson contends that the trial court could have properly retained jurisdiction over one-third of the sum of his three sentences for robbery, but that it was without authority to do so for the first third of each of his sentences.
Johnson was found guilty of three counts of armed robbery on July 2, 1981, and his conviction was affirmed on appeal. Johnson v. State, 427 So.2d 781 (Fla. 1st DCA 1983). Johnson filed his motion for post- *831 conviction relief on January 2, 1986. After his motion was denied, Johnson filed a motion for rehearing on February 4, 1986, which was also subsequently denied by the trial court. Johnson filed a timely appeal from the trial court’s denial of his motion for rehearing.
Johnson was sentenced in 1981, making the governing statute section 947.16(3), Florida Statutes (1981). Section 947.16(3), which specifies the manner in which the trial court may retain jurisdiction over a convicted party’s sentence, provides that “when any person is convicted of two or more felonies and consecutive sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to one-third of the total consecutive sentences imposed.” (emphasis added) Since Johnson’s sentences involved the conviction of more than two felonies (he was convicted of three counts of armed robbery) and because Johnson’s sentences were consecutive, the trial court judge’s jurisdiction was limited under section 947.-16(3), Florida Statutes to one-third of the sum of Johnson’s three sentences.
The decisions of other Florida courts are consistent with this conclusion. The Second District Court of Appeal in Adams v. State, 435 So.2d 953 (Fla. 2d DCA 1983), reversed a defendant’s consecutive sentences for kidnapping and sexual battery and remanded the case with directions to reconsider the period of retention in accordance with section 947.16(3), Florida Statutes (1981) after observing:
[t]he trial court had the authority to retain jurisdiction to review any parole commission release order for one-third of the total consecutive sentences imposed, but not the first one-third of each of the consecutive sentences imposed.
435 So.2d at 953 (citations omitted). In Brannin v. State, 476 So.2d 245 (Fla. 1st DCA 1985), this court reached a similar result stating that “[t]he proper way to reserve jurisdiction over consecutive sentences is to enter an order reserving jurisdiction over one-half of the total [sentence]. ...” See also Dobbs v. State, 454 So.2d 73 (Fla. 5th DCA 1984) (holding that trial court’s sentencing orders should be remanded for resentencing where the trial court had incorrectly retained jurisdiction over the first one-third of each of the defendant’s consecutive sentences). In sum, section 947.16(3), Florida Statutes (1981), and the courts which have construed that statute support our determination that the trial court erred in retaining jurisdiction over the first one-third of each of Johnson’s sentences. We therefore remand Johnson’s sentencing order for resentencing in a manner consistent with section 947.16(3), Florida Statutes (1981).
REMANDED.
SMITH and ZEHMER, JJ., concur.