639 So.2d 992 (1994)
Darryl SPROW, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-2354.
District Court of Appeal of Florida, Third District.
February 15, 1994.
Bennett H. Brummer, Public Defender, and Julie M. Levitt, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and LEVY and GODERICH, JJ.

*993 ON MOTION FOR REHEARING GRANTED

LEVY, Judge.
The panel opinion of November 9, 1993, is withdrawn, and this opinion is substituted in its place.
Darryl Sprow, the defendant, appeals his convictions and sentences for two counts of burglary, one count of grand theft, and one count of petit theft. We affirm.
After being convicted, the defendant was sentenced as a habitual violent felony offender, and received enhanced sentences of 30 years, with minimum mandatory sentences of 10 years, on each of the two burglary counts. The trial court ordered the sentences on the two burglary counts to run consecutively.
The defendant first claims that he was improperly convicted of burglary as a second-degree felony. This contention is without merit. See § 810.02, Fla. Stat. (1991).
The defendant next claims, relying on Hale v. State, 630 So.2d 521 (Fla. 1993), that the sentences on his two burglary convictions were improperly ordered to run consecutively, rather than concurrently.[1] In Hale, the Florida Supreme Court held that it was error for a court to impose consecutive sentences upon a defendant whose sentences had already been enhanced under the habitual offender statute. However, Hale only disapproved the consecutive running of sentences which arose from "multiple crimes committed during a single criminal episode." Hale, 630 So.2d at 525.[2] This case is not controlled by Hale, however, because the two burglaries for which the defendant was convicted did not arise out of a single criminal episode.
The record in this case reveals that the defendant was convicted of two separate burglaries of two separate locations. One burglary was of an upstairs residence, while the other burglary was of a downstairs apartment located in the same structure. These two residences were occupied by separate occupants, had separate outside entrances, and were not internally connected. Although the two burglaries did occur on the same day, because they occurred at different times, different places, and involved different victims, we conclude that the two burglary convictions did not arise out of a single criminal episode. See Palmer v. State, 438 So.2d 1, 4 (Fla. 1983) (consecutive sentences permissible where offenses arise from "separate incidents occurring at separate times and places"); see also State v. Thomas, 487 So.2d 1043 (Fla. 1986) (shooting of woman, then of man, then again of same woman does not constitute single criminal episode); Newton v. State, 603 So.2d 558 (Fla. 4th DCA 1992) (shooting at three different police officers during course of hot pursuit does not constitute single criminal episode); Gaynor v. State, 505 So.2d 467 (Fla. 2d DCA 1987) (burglaries of two separate homes committed on the same evening does not constitute single criminal episode); Connolly v. State, 474 So.2d 912 (Fla. 2d DCA 1985) (shootings involving two separate individuals, 15 minutes apart, does not constitute single criminal episode); Castro v. State, 472 So.2d 796 (Fla. 3d DCA 1985) (home invasion robbery, followed by shooting of police officer who later arrived at the scene, does not constitute single criminal episode).
Since these convictions did not involve a single criminal episode, Hale does not bar the imposition of consecutive sentences. Thus, the trial court did not err in imposing consecutive sentences. See § 775.021(4)(a), Fla. Stat. (1991). The defendant's convictions and sentences are affirmed.
Affirmed.
NOTES
[1] Because we have decided this case on other grounds, we have not addressed the issue raised by the fact that the Hale issue was never raised until the motions for rehearing were filed herein.
[2] In Hale, the two crimes involved were "the possession and the sale of the same identical piece of cocaine." Hale, 630 So.2d at 525.