PER CURIAM.
Durward Lee Dyke challenges an order by which his motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a), was denied. We reverse and remand for resentencing to bring appellant’s sentence within the five-year statutory maximum for attempted robbery. Baldwin v. State, 679 So.2d 1193 (Fla. 1st DCA 1996).
Appellant was sentenced to a term of 62 months for attempted robbery and was given credit for 68 days of jail time served prior to sentencing. Appellant claims that his sentence is illegal under the authority of Davis v. State, 661 So.2d 1193, 1196 (Fla. 1995), which holds that a sentence is illegal if it exceeds the statutory maximum for the particular offense. He asserts that the total time he has served and will serve — jail time prior to sentencing combined with his actual sentence — exceeds the statutory maximum for the charged offense. We agree.
At first glance, it appears that appellant’s sentence is not illegal because when the jail time credit is subtracted from the sentence, the total falls within the statutory maximum. However, when determining whether a sentence is illegal, the court must consider the total time to be served which includes the sentence and any time served in jail prior to sentencing. See Wicker v. State, 445 So.2d 583 (Fla. 2d DCA 1983).
It appears that the trial court intended to adjust the sentence imposed to ensure that appellant would serve a full five years after sentencing, even after credit for jail time had been awarded. Imposing a sentence in this manner results in an illegal sentence. See Davis at 1196; State v. Callaway, 658 So.2d 983, 988 (Fla.1995). Although a guideline sentence which exceeds the statutory maximum is not an illegal sentence for offenses occurring after January 1, 1994, the offense herein occurred prior to that date and therefore may not exceed the statutory maximum penalty. Fance v. State, 645 So.2d 188 (Fla. 3d DCA 1994).
Appellant also claims that a calculation error occurred in his score sheet because improper points were added for a charge that was actually nol prossed by the State Attorney. In its order of denial, the trial court acknowledged, the score sheet error. The order noted that the error was harmless because, if corrected, it would not cause a change in the permitted sentencing range. Absent from the record, however, is the *104 scoresheet or any other documentation of the trial court’s conclusion.
We reverse and remand for resentencing to bring appellant’s sentence within the five-year statutory maximum on the attempted robbery charge and to allow the circuit court to correct the scoresheet calculation error, or demonstrate its lack of consequence.
REVERSED and REMANDED.
ERVIN, KAHN and BENTON, JJ., concur.