472 So.2d 1221 (1985)
Tom THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. BA-154.
District Court of Appeal of Florida, First District.
June 12, 1985.
Rehearing Denied July 26, 1985.
*1222 Michael E. Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Thomas H. Bateman, III, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Thomas appeals from the denial of his motion to correct illegal sentence, filed pursuant to Rule 3.800, Florida Rules of Criminal Procedure. The motion alleged that the trial court improperly imposed consecutive mandatory minimum sentences, contrary to the dictates of Palmer v. State, 438 So.2d 1 (Fla. 1983). We are compelled to agree and therefore reverse and remand with directions to correct the sentences so that the two mandatory minimum sentences will be served concurrently.
Thomas' convictions arose from an incident which began when he went to his victim's house trailer and commenced a conversation with her inside the trailer. He proceeded to pull a gun and shoot the victim several times. While he paused to reload the weapon, the victim managed to escape into her yard. Thomas followed her there and shot her yet again. When her son attempted to come to her aid, Thomas fired at him, inflicting no injury. He concluded this spree by firing one last bullet into the victim and then fled. He was convicted of attempted first degree murder for his acts toward the victim, and of aggravated assault for his shot at her son.
Under Palmer, consecutive mandatory minimum sentences for these offenses would only be proper if they were "separate incidents occurring at separate times and places." The State contended below that, because the aggravated assault occurred in a different place (the yard as opposed to the trailer) and at a different time (after a pause to reload the gun) than the attempted murder, consecutive mandatory minimum sentences were warranted. Thomas argued that the offenses occurred during a single, continuous episode, therefore, the mandatory sentences were required to be concurrent.
We would agree with the trial court's adoption of the State's argument were it not for the Supreme Court's recent opinion in Wilson v. State, 467 So.2d 996 (Fla. 1985). In Wilson v. State, 449 So.2d 822 (Fla. 1st DCA 1984), this Court held that when the victim was kidnapped at her residence, transported a short distance by car, then sexually assaulted, "the offenses involved qualify for consecutive treatment under Palmer." The Supreme Court reversed, finding that "Wilson's offenses occurred during a single, continuous episode. Consecutive mandatory minimum sentences are improper." Because the offenses here are more closely aligned in time and place than the offenses in Wilson, we must find that the consecutive mandatory minimum sentences imposed here are improper under Palmer, requiring reversal and remand for resentencing.
However, we certify, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A) (v), that the Court's decision passes upon a question of great public importance, namely; *1223 Whether the crimes for which the defendant was sentenced to consecutive three-year mandatory minimum terms pursuant to Section 775.087(2), Florida Statutes, were "offenses [which arose] from separate incidents occurring at separate times and places" within the meaning of the rule announced in Palmer v. State, 438 So.2d 1 (Fla. 1983)?
Reversed and remanded.
SMITH and THOMPSON, JJ., concur.

ON MOTION FOR REHEARING
MILLS, Judge.
The State moves for rehearing of our 12 June 1985 opinion reversing Thomas' consecutive mandatory minimum sentences and remanding for imposition of concurrent mandatory sentences, pursuant to Palmer v. State, 438 So.2d 1 (Fla. 1983). The motion alleges, for the first time, that this court did not have jurisdiction to hear Thomas' appeal from the denial of his motion to correct illegal sentence pursuant to Rule 3.800(a), Fla.R.Crim.P. It goes on to argue, also for the first time, that the trial court's denial of Thomas' motion should have been affirmed, based on his failure to object to the sentence at its original imposition or to raise the error on his direct appeal, prosecuted before this court prior to the 3.800 motion. Rehearing is denied.
Thomas has moved to strike the State's motion based on its discussion of issues not raised on appeal. We decline to strike the motion entirely, but address only its jurisdictional argument. Jurisdictional errors are fundamental and may be raised at any time, "particularly where such error goes to the jurisdiction of the appellate court to hear the appeal." 3 Fla.Jur.2d Appellate Review, Section 300. The remainder of the motion presents argument on the merits which was not urged on appeal and therefore cannot be raised in a motion for rehearing. Shell Oil Co. v. Department of Revenue, 461 So.2d 959, 963 (Fla. 1st DCA 1984).
The State's arguments against jurisdiction are without merit. The cited decisions address only motions for the reduction or modification of a legal sentence, pursuant to Rule 3.800(b), Fla.R.Crim.P., not for correction of an illegal sentence under Rule 3.800(a), Fla.R.Crim.P. An illegal sentence can always be raised on appeal, with or without objection below. Styles v. State, 465 So.2d 1369 (Fla. 2d DCA 1985). Therefore, the erroneous denial of a Rule 3.800(a) motion, resulting in the preservation of an illegal sentence, can be appealed as well. The State does not argue, and we cannot hold, that a sentence, such as the one imposed below, is not illegal within Rule 3.800(a). See Cisnero v. State, 458 So.2d 377, 378 (Fla. 2d DCA 1984).
The motion for rehearing is denied.
SMITH and THOMPSON, JJ., concur.