487 So.2d 1043 (1986)
STATE of Florida, Petitioner,
v.
Tom THOMAS, Respondent.
No. 67423.
Supreme Court of Florida.
April 10, 1986.
Rehearing Denied May 30, 1986.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and Glenna Joyce Reeves, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
*1044 SHAW, Justice.
We have this cause before us pursuant to the district court's certified question in Thomas v. State, 472 So.2d 1221 (Fla. 1st DCA 1985). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In March of 1981 Thomas shot a woman four times in the bedroom of her trailer. While he reloaded his gun, she managed to get outside to her yard. Thomas followed and shot her again. Her son attempted to aid his mother and Thomas fired at him but missed, before shooting the victim two more times. He was convicted of attempted first-degree murder of the woman and of aggravated assault of her son. The trial judge imposed consecutive sentences of thirty years for the attempted first-degree murder and five years for the aggravated assault. He ordered consecutive three-year mandatory minimum sentences for each offense because of possession of a firearm under section 775.087(2), Florida Statutes (1979).
Thomas filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, alleging that the consecutive mandatory minimum sentences were contrary to this Court's holding in Palmer v. State, 438 So.2d 1 (Fla. 1983). The district court reversed the denial of Thomas's motion, finding the result compelled by Palmer and our recent opinion in Wilson v. State, 467 So.2d 996 (Fla. 1985). The district court certified the following question:
Whether the crimes for which the defendant was sentenced to consecutive three-year mandatory minimum terms pursuant to Section 775.087(2), Florida Statutes, were "offenses [which arose] from separate incidents occurring at separate times and places" within the meaning of the rule announced in Palmer v. State, 438 So.2d 1 (Fla. 1983)?
Thomas, 472 So.2d at 1223 (emphasis in original).
The state has petitioned for review, arguing that Palmer and Wilson do not control the factual situation presented here. In Palmer, where the defendant used a revolver to rob thirteen people at the same time, we held that three-year mandatory minimum sentences for firearm possession while committing a felony could not be imposed consecutively for offenses arising from a single criminal episode. In Wilson, where the defendant possessed a gun while kidnapping the one victim and then taking her by car a short distance and sexually assaulting her, we held that the offenses occurred during a single episode. In State v. Ames, 467 So.2d 994 (Fla. 1985), where the defendant possessed a gun while breaking into a woman's house, robbing her in one room and raping her in another, we held that the three offenses occurred during a single episode.
In State v. Enmund, 476 So.2d 165 (Fla. 1985), we found that Palmer was not analogous to a situation involving two separate and distinct homicides and held that the legislature intended that the minimum mandatory time to be served before becoming eligible for parole from a conviction of first-degree murder may be imposed either consecutively or concurrently, in the trial court's discretion, for each homicide. We were construing section 775.082(1), Florida Statutes (1983), rather than section 775.087(2), but the factual situation in the present case is more analogous to Enmund than to Palmer, Wilson, or Ames. Here, as in Enmund, we believe that the legislature intended that the trial court have discretion to impose consecutively or concurrently the mandatory minimum time to be served. In the present case we have two separate and distinct offenses involving two separate and distinct victims.
Thomas argues that because the aggravated assault occurred between the fifth and sixth shots at the attempted murder victim, the incidents were not separate. We agree with the state, however, that the legislature could not have intended that Thomas be punished less severely for continuing the attempted murder outside the victim's trailer than if he had desisted after firing the four shots inside and assaulting the son. We decline to extend Palmer's holding to apply to the present factual sequence *1045 in view of our conclusion that Thomas committed two separate and distinct offenses.
We answer the certified question in the affirmative and quash the decision under review. We remand to the district court for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and BARKETT, JJ., concur.