556 So.2d 767 (1990)
Victor HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03018.
District Court of Appeal of Florida, Second District.
February 7, 1990.
James Marion Moorman, Public Defender, Bartow, and Andrea Steffen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Victor Hernandez appeals from judgment and sentences involving eleven separate felonies. Hernandez challenges the imposition of four consecutive mandatory minimum three-year sentences. We reverse the consecutive minimum mandatory terms imposed in counts 8 and 9. Otherwise, we affirm.
The facts relevant to this appeal reveal that Hernandez went to Colleen MacKay's home one early morning and when MacKay told Hernandez to leave he commenced hitting the window with a gun. MacKay observed the gun and ran out of the house, at which time she heard an explosion. MacKay, with Hernandez chasing after her, ran to a neighbor's trailer. She knocked on the door and when the neighbor, Katherine Kolodziej, appeared, Hernandez pointed the gun at Mrs. Kolodziej. Hernandez then grabbed MacKay and began hitting her about the face and head with the gun. Hernandez dragged MacKay across her carport toward his truck, as she continued to fight him. At one point Hernandez placed the gun to MacKay's head, but she hit the gun with her arm, and it went off without striking her. During the assault and battery on MacKay, Hernandez would stop and point the gun at some of the onlookers.
Mrs. Kolodziej's son, Edward Kolodziej, Jr., followed Hernandez around the yard *768 while Hernandez was striking MacKay. At one point in that struggle, Hernandez pointed the gun directly at Mr. Kolodziej and told him to stay away. Thereafter, the police arrived and apprehended Hernandez.
Although there were other offenses for which sentences were legally imposed on Hernandez, the three-year minimum mandatory sentences were imposed as follows:

 Consecutive or concurrent
 three-year mandatory
Count Type of Offense Victim sentence
 1 Armed burglary Stacey Merritt Not applicable
 3 Agg. assault Stacey Merritt Concurrent with count 1
 4 Armed Kidnapping Colleen MacKay Consecutive to count 1
 5 Armed burglary Colleen MacKay Concurrent with count 4
 6 Agg. battery Colleen MacKay Consecutive to count 3
 7 Agg. assault Colleen MacKay Concurrent with count 6
 8 Agg. assault Katherine Kolodziej Consecutive to count 6
 9 Agg. assault Edward Kolodziej Consecutive to count 8

In Palmer v. State, 438 So.2d 1 (Fla. 1983), the supreme court prohibited consecutive mandatory minimum sentences arising from a single criminal episode. However, in a circumstance where the offenses resulted from separate incidents occurring at different times and places mandatory minimum terms could be imposed consecutively. Id. at 4; LeCroy v. State, 533 So.2d 750 (Fla. 1988). The defense has conceded that the offenses involving Stacey Merritt as the victim arose from a separate and distinct criminal incident than the offenses involving MacKay and the Kolodziejs. Therefore, there are no Palmer violations with regard to the mandatory terms imposed in counts 4 and 6 (offenses in which MacKay was the victim) to run consecutively with counts 1 and 3 (offenses in which Merritt was the victim). See LeCroy, 533 So.2d at 754. We find, however, the principle enunciated in Palmer to have been violated with regard to the mandatory minimum sentences on counts 8 and 9 imposed consecutively with sentences on counts 6 and 8, respectively, since they form part of a single continuous criminal episode involving MacKay and her neighbors, the Kolodziejs.
The facts presented at trial are contrary to the state's assertion that the consecutive terms as to counts 8 and 9 involved two completed crimes, one inside MacKay's home and the other outside the house. The sentences at issue involved the battery of MacKay and the assault on each of the Kolodziejs (counts 6, 8, and 9), which all occurred outside MacKay's home without any interruption in time or place. We, therefore, reverse the consecutive minimum terms imposed in counts 8 and 9 and remand for the trial court to resentence Hernandez on those counts in accordance with Palmer. In all other respects, the judgment and sentences are affirmed.
Reversed in part and remanded for resentencing.
FRANK, A.C.J., and ALTENBERND, J., concur.