568 So.2d 1318 (1990)
Clem GLOSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01906.
District Court of Appeal of Florida, Second District.
October 26, 1990.
James Marion Moorman, Public Defender, and Wendy Friedberg, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We find no merit to appellant's contention concerning his convictions. Therefore, we affirm appellant's convictions for armed robbery, aggravated battery, aggravated assault, and possession of a firearm by a convicted felon.
With respect to the sentences imposed we find no error except in the "stacking" of mandatory minimum sentences. Pursuant to section 775.087(2), Florida Statutes (1987), the trial court was required to impose a minimum term of three years for all of the offenses except the firearm possession charge. Two of the three mandatory sentences were to be served concurrently, but the trial court provided that the third (involving a different victim) would be consecutive. However, notwithstanding the fact different victims were involved, all three offenses occurred without interruption in time or location. Consecutive mandatory minimum terms were therefore unauthorized. Palmer v. State, 438 So.2d 1 (Fla. 1983); Hernandez v. State, 556 So.2d 767 (Fla. 2d DCA 1990).
Affirmed in part, reversed in part, and remanded for resentencing.
SCHEB, A.C.J., and DANAHY and HALL, JJ., concur.