PER CURIAM.
Appellant was convicted of five (5) counts of false imprisonment, two (2) counts of armed robbery, and one (1) count of trespass. We affirm appellant’s convictions as to all points on appeal, but reverse the trial courts imposition of consecutive minimum mandatory sentences on the armed robbery counts.
During the sentencing phase of appellant’s trial, the court declared appellant to be an habitual violent felony offender in accordance with the provisions of § 775.-084(4), Florida Statutes (1989). Appellant was sentenced to five (5) concurrent thirty (30) year terms on the false imprisonment counts, two (2) consecutive forty (40) year terms on the armed robbery counts to run consecutively to the false imprisonment sentences, and one year in county jail on the trespass count. The trial court imposed a minimum mandatory sentence of forty (40) years: ten (10) years on the concurrent false imprisonment counts and fifteen (15) years on each of the consecutive armed robbery counts.
It was error for the trial court to “stack” the minimum mandatory sentences for the two armed robbery counts, both requiring proof of identical elements. Palmer v. State, 438 So.2d 1 (Fla.1983); § 775.-021(4)(a), Florida Statutes (1989). We reject the state’s argument that because the two armed robbery counts involved separate victims, consecutive minimum mandatory sentences could be imposed on these counts. See Gloster v. State, 568 So.2d 1318 (Fla. 2d DCA 1990).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED FOR RESEN-TENCING.
STONE, WARNER and POLEN, JJ., concur.
ON MOTION FOR CLARIFICATION
We grant appellant’s motion for clarification. In Daniels v. State, 595 So.2d 952 (Fla.1992), issued after our opinion in the instant case and provided as supplemental authority by both parties to this appeal, the Florida Supreme Court held that a trial judge does not have the discretion under sections 775.021(4) and 775.084, Florida Statutes (1988), to impose consecutive minimum mandatory sentences for first-degree felonies committed by an habitual violent felony offender arising from a single criminal episode. Daniels, 595 So.2d at 953. Pursuant to Daniels, upon remand for re-sentencing, the trial court may not impose consecutive mandatory minimum sentences for appellant’s false imprisonment convictions and armed robbery convictions, as they arose from a single criminal episode.
REVERSED and REMANDED.
STONE, WARNER and POLEN, JJ., concur.