PER CURIAM.
Victor Hernandez appeals the denial of his motion for postconviction relief. We affirm.
Hernandez was convicted of numerous felony offenses arising from an incident in which he broke into a girlfriend’s trailer. Since a firearm was involved, most of these offenses required the imposition of a three-year minimum mandatory sentence. § 775.087(2)(a), Fla.Stat. (1989). In the middle of his jury trial Hernandez changed his plea to guilty. The sole issue on direct appeal was the “stacking” of the numerous mandatory three-year prison terms. See Palmer v. State, 438 So.2d 1 (Fla.1983). In Hernandez v. State, 556 So.2d 767 (Fla. 2d DCA 1990), this court agreed that the sentence structure had, in part, violated the holding in Palmer. The sentences were corrected after remand, with the minimum mandatory portion of Hernandez’s total sentence reduced from twelve to six years.
Hernandez then filed the motion that is the subject of the present appeal, raising numerous claims. The trial court’s first order was entered November 29, 1990. All *1072 the claims were rejected except for one involving the overall length of sentence. Here, the court agreed with Hernandez and scheduled a date for resentencing.[1] Accordingly, this appeal is concerned only with the summary denial.
The only issue which merits discussion is Hernandez’s claim (couched in terms of both “involuntary plea” and “ineffective assistance”) that he was assured he would receive only a single minimum mandatory sentence. We have examined the transcripts of Hernandez’s plea and sentencing, and conclude that they refute this allegation. First, it is clear from the plea hearing that no promises were made to Hernandez regarding the length of sentence except for the state’s agreement not to request a departure from the guideline recommendation. In fact, the trial court cautioned the parties that they “should not even use the word negotiation.” Then, at sentencing, a dispute arose over the applicability of Palmer to the facts of this case. Even defense counsel conceded that at least two separate “episodes” had occurred, as that term is used in Palmer.[2] Thus it defies logic that counsel would have promised only one minimum mandatory to Hernandez, while arguing to the court that it could impose two.
Affirmed.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.

. On January 18, 1991, Hernandez appealed the November 29 order. After consideration of Hernandez’s response to an order to show cause, the appeal was dismissed as untimely. Hernandez v. State, 577 So.2d 948 (Fla. 2d DCA 1991) (table). However, even if that notice had been timely the appeal probably was subject to dismissal as premature since the order did not completely dispose of the motion.

. This is the result eventually reached after Hernandez’s successful direct appeal.