600 So.2d 1269 (1992)
Craig Lamar STATEN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02158.
District Court of Appeal of Florida, Second District.
June 19, 1992.
*1270 James Marion Moorman, Public Defender, Bartow, and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Craig Staten appeals his judgment and sentences for two counts of robbery with a firearm. After a jury found Staten guilty, the trial court sentenced him as a habitual violent felony offender to two consecutive life sentences with two minimum mandatory terms of fifteen years. The trial court also imposed two consecutive three-year minimum mandatory terms in accordance with the firearm statute.[1] We affirm the convictions and the consecutive life sentences, but we reverse the consecutive minimum mandatory terms and remand to the trial court with directions to correct the sentencing errors.
First, we conclude that the trial court erred in imposing under the habitual violent felony offender statute[2] two consecutive fifteen-year minimum mandatory sentences for the armed robbery of two victims during a single criminal episode. One fifteen-year minimum mandatory sentence must run concurrently with the second. See Daniels v. State, 595 So.2d 952 (Fla. 1992); Brown v. State, 599 So.2d 132 (Fla. 2d DCA 1992).
Second, we conclude that even though there were two victims involved, it was error for the trial court to impose consecutive minimum mandatory terms for the use of a firearm during a single criminal episode which occurred without interruption in time and location. Under these circumstances, the three-year minimum mandatory sentences must run concurrently. See Palmer v. State, 438 So.2d 1 (Fla. 1983); Gloster v. State, 568 So.2d 1318 (Fla. 2d DCA 1990).
We affirm the convictions. We reverse the sentences in part and remand this cause to the trial court with directions to correct the sentences to reflect that the minimum mandatory sentences run concurrently.
THREADGILL, A.C.J., and PARKER and BLUE, JJ., concur.
NOTES
[1] § 775.087(2), Fla. Stat. (1989).
[2] § 775.084(4)(b)1., Fla. Stat. (1989).