603 So.2d 558 (1992)
Jerry NEWTON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3182.
District Court of Appeal of Florida, Fourth District.
July 15, 1992.
Motion to Certify Question Denied September 24, 1992.
*559 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Jerry Newton appeals his judgment and sentence for three counts of attempted murder of a law enforcement officer, shooting into an occupied vehicle, shooting into an occupied dwelling, possession of a firearm during the commission of a felony and resisting arrest with violence. We affirm his convictions but remand this cause to correct two errors in his sentence.
On the afternoon of September 18, 1989, appellant, while being escorted back to his holding cell by Deputy Al Calabrese, escaped from jail by choking Deputy Calabrese unconscious. On October 4, 1989, police officers Hawkins and Indian, while on patrol, noticed appellant's car stopped at an intersection. Appellant covered his face as their headlights shined upon him. Suspicious, the officers followed appellant for a short distance until he pulled into a driveway. Appellant exited his car and began walking up the driveway. After being told to stop, appellant turned and fired a shot at Officer Indian. Appellant then fired a shot at Officer Hawkins. While fleeing through the residential neighborhood, appellant fired two more shots. As he fled through a field, a third police officer, Officer Justice, ordered appellant to stop. Appellant fired a shot at Officer Justice and ran toward a house where he took cover in a car parked in the driveway. Once Indian and Hawkins arrived at the scene, the three officers approached appellant's position using the police car as a shield. Appellant ignored their instructions to exit the car and fought with the officers as they removed him from the car.
Appellant first contends that the trial court erred by admitting evidence that he escaped from jail by choking Deputy Calabrese unconscious. We disagree for two reasons. First, evidence of appellant's escape from jail is relevant to prove his motive for resisting apprehension by the police. See Johnson v. State, 130 So.2d 599, 600 (Fla. 1961); and Mackiewicz v. State, 114 So.2d 684, 689 (Fla. 1959), cert. denied, 362 U.S. 965, 80 S.Ct. 883, 4 L.Ed.2d 879 (1960). Second, at trial, appellant objected to the escape evidence on the grounds of relevance and prejudice. On appeal, he argues that his escape from jail shows motive but claims the details of his escape should have been excluded. Since appellant failed to raise this specific objection below, this issue has not been preserved for appeal. Even if appellant had preserved this issue for appeal, we deem the error, if any, in admitting the details of his escape into evidence to be harmless.
Appellant next challenges the legality of his three consecutive life sentences for attempted murder of a law enforcement officer, each of which carries a twenty-five year mandatory minimum term before becoming eligible for parole. Section 784.07(3), Florida Statutes (1989), provides in pertinent part:

*560 Notwithstanding the provisions of any other section, any person who is convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duty ... shall be guilty of a life felony, punishable as provided in s. 775.0825.
Section 775.0825, Florida Statutes (1989), provides:
Any person convicted of attempted murder of a law enforcement officer as provided in s. 784.07(3) shall be required to serve no less than 25 years before becoming eligible for parole. Such sentence shall not be subject to the provisions of s. 921.001.
Finally, section 775.082(3), Florida Statutes (1989), provides in pertinent part:
A person who has been convicted of any other designated felony may be punished as follows:
(a) ... for a life felony committed on or after October 1, 1983, by a term of imprisonment for life or by a term of imprisonment not exceeding 40 years.
Appellant argues that because section 775.0825 specifies the penalty for attempted murder of a law enforcement officer, no other penalty statute applies. He reasons that since section 775.0825 only authorizes a sentence of twenty-five years imprisonment before becoming eligible for parole, the trial court had no authority to impose three consecutive life sentences, each carrying twenty-five year terms of imprisonment without parole. Appellant apparently fails to recognize that section 775.0825 prescribes a minimum sentence. It does not affect the imposition of a sentence pursuant to section 775.082(3)(a). We find no error in the trial court's imposition of consecutive life sentences for appellant's three convictions of attempted murder of a law enforcement officer. See Taylor v. State, 573 So.2d 173, 174 (Fla. 5th DCA 1991).
Appellant's third point on appeal has merit. The trial court sentenced appellant as a habitual felony offender on all counts. The habitual offender statute, section 775.084, Florida Statutes (1989), does not apply to life felonies. Newton v. State, 581 So.2d 212 (Fla. 4th DCA 1991), approved, 594 So.2d 306 (Fla. 1992); Walker v. State, 580 So.2d 281 (Fla. 4th DCA 1991), jurisdiction improvidently granted, 593 So.2d 1049 (Fla. 1992); Sibley v. State, 586 So.2d 1245 (Fla. 1st DCA 1991), rev. denied, 599 So.2d 658 (Fla. 1992) (habitual offender statute does not apply to life felony of attempted murder of law enforcement officer); and Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990). Although the trial court erred when it sentenced appellant as a habitual offender for his three convictions of attempted murder of a law enforcement officer, the error does not affect the length of those sentences. Therefore, we remand this cause to the trial court with instructions to delete appellant's habitual offender classification from counts I through III. The trial court correctly sentenced appellant as a habitual offender on the remaining counts.
Next, appellant argues, based on Palmer v. State, 438 So.2d 1 (Fla. 1983), that the trial court erred by sentencing him to consecutive twenty-five year mandatory minimum terms of imprisonment for the three attempted murders. In Palmer, the trial court, pursuant to section 775.087(2), Florida Statutes (1981), imposed consecutive three year mandatory minimum sentences for thirteen counts of robbery with a firearm. Id. As concisely explained in State v. Boatwright, 559 So.2d 210 (Fla. 1990), the court reversed this portion of Palmer's sentence because:
[N]owhere in the language of section 775.087 was there express authority by which a trial court could deny a defendant eligibility for parole for a period greater than three calendar years when the convictions were for offenses arising from incidents occurring at the same time and place during a continuous course of criminal conduct. We also concluded that the legislature did not intend such a result when it added subsection (4) to section 775.021.
Id. at 212. The court further explained:
We did recognize that our decision [in Palmer] would not prohibit consecutive mandatory minimum sentences for offenses *561 arising from separate incidents occurring at separate times and places.
Id. at 211. As in Palmer, appellant insists that since the three attempted murders occurred during the same criminal episode, he could only be sentenced to three concurrent twenty-five year mandatory minimum terms in prison.
Appellee argues that Boatwright and State v. Thomas, 487 So.2d 1043 (Fla. 1986), control this case. We agree. The defendant in Thomas shot a woman four times. Id. at 1044. While he reloaded, the woman managed to leave her bedroom and get outside into her yard. Id. The defendant shot her again. Id. After shooting her son, he shot the woman two more times. Id. The jury convicted him of first-degree attempted murder of the woman and aggravated assault of her son. Id. The trial court imposed, pursuant to section 775.087(2), Florida Statutes (1979), consecutive three year mandatory minimum sentences for these two offenses. The court affirmed and instructed:
We decline to extend Palmer's holding to apply to the present factual sequence in view of our conclusion that Thomas committed two separate and distinct offenses.
Id. at 1044-45.
Here, appellant committed three separate and distinct offenses. After firing at Officer Indian, he turned and fired at Officer Hawkins. As appellant fled, he fired another shot at Officers Indian and Hawkins. After being spotted running through a field, he fired a shot at Officer Justice.
We also find support for the trial court's imposition of consecutive mandatory minimum sentences in State v. Enmund, 399 So.2d 1362 (Fla. 1981), judgment reversed, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), on remand, 439 So.2d 1383 (Fla. 1983), appeal after remand, 459 So.2d 1160 (Fla. 2d DCA 1984), decision quashed, 476 So.2d 165 (Fla. 1985). Enmund, Jeanette Armstrong and Sampson Armstrong robbed and murdered Mr. and Mrs. Kersey. Enmund, 399 So.2d at 1365. For the two murders, the trial court sentenced Enmund, pursuant to section 775.082(1), Florida Statutes (1983), to consecutive terms of life imprisonment with no eligibility for parole for twenty-five years.[1] In approving the trial court's consecutive sentence, the court determined that Palmer did not apply:
Palmer used one revolver to rob thirteen people at the same time. After analyzing subsection 775.087(2), Florida Statutes (1981), we held that three-year mandatory minimum sentences for firearm possession while committing a felony could not be made consecutive for offenses arising from a single criminal episode. Here, however, we have two separate and distinct homicides.
Section 921.141, Florida Statutes (1983), provides that a person convicted of a capital felony shall be sentenced to death or to life imprisonment without eligibility for parole for twenty-five years. Any such person not sentenced to death "shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole." § 775.082(1), Fla. Stat. (1983). We hold that the legislature intended that the minimum mandatory time to be served before becoming eligible for parole from a conviction of first-degree murder may be imposed either consecutively or concurrently, in the trial court's discretion, for each and every homicide. See § 775.021(4), Fla. Stat. (1983).
Enmund, 476 So.2d at 168.
Although section 775.082(1) deals with a capital felony whereas section 775.0825 deals with a life felony, the statutes contain identical language regarding mandatory punishment. For either offense, the defendant "shall be required to serve no less than twenty-five years before becoming eligible for parole." It seems clear that the legislature intended, pursuant to section 775.021(4), Florida Statutes (Supp. 1988), that the mandatory minimum time to *562 be served before becoming eligible for parole from a conviction of attempted murder of a law enforcement officer may be imposed either consecutively or concurrently, in the trial court's discretion, for each and every attempt.
Finally, appellant argues that the trial court's written sentencing order must be corrected to conform to the oral pronouncement of sentence. Although this would ordinarily be correct, the record sub judice mandates a different remedy. During sentencing in open court, the trial court sentenced appellant to consecutive terms in prison for counts I through IV. For counts V, VI and VIII, the trial court sentenced appellant to concurrent terms in prison. After giving appellant 386 days credit for time served as to count I, the trial court stated:
There will be no credit for time served as to the other counts. You're not entitled as a matter of law, since they're consecutive sentences. He's only entitled to credit for time served in the event that the sentences were to run concurrent, so it will only be as to the first one.
Based on this record, we conclude that the trial court made inconsistent statements regarding its intent to impose consecutive or concurrent sentences. On the authority of Gates v. State, 535 So.2d 359 (Fla. 4th DCA 1989), we remand this cause to the trial court with directions to clarify the sentences imposed and to enter such corrected sentencing orders as may be appropriate.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
LETTS and POLEN, JJ., concur.
NOTES
[1] The relevant portion of § 775.082(1) states: A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole... .