605 So.2d 1319 (1992)
William Joseph PENTON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-709.
District Court of Appeal of Florida, First District.
October 14, 1992.
*1320 Nancy Daniels, Public Defender, Steven A. Been, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Charles McCoy, Asst. Atty. Gen., for appellee.
KAHN, Judge.
William Joseph Penton appeals after a jury verdict finding him guilty of attempted aggravated battery on a law enforcement officer, aggravated battery, resisting arrest with violence, resisting arrest without violence, fleeing or attempting to elude a law enforcement officer, and operating a motor vehicle in violation of a driver's license restriction. The trial court sentenced Penton as an habitual violent felony offender. We affirm Penton's convictions without comment, but find it necessary to address his contentions concerning the sentences.
Penton argues that the trial court erred in imposing consecutive minimum mandatory habitual violent felony offender sentences for attempted aggravated battery on a law enforcement officer and aggravated battery. The record indicates that these crimes occurred on a single victim during a single criminal episode. The trial judge did not have the discretion under sections 775.021(4) and 775.084, Florida Statutes (Supp. 1988), to impose consecutive minimum mandatory sentences for first degree felonies committed by an habitual violent felony offender arising from a single criminal episode, since the minimum mandatory sentences were imposed under section 775.084 and not the statute which prescribes the penalty for the offenses. Daniels v. State, 595 So.2d 952, 953-954 (Fla. 1992). Consequently, we vacate the minimum mandatory portions of Penton's sentences for attempted aggravated battery on a law enforcement officer and aggravated battery and remand with directions that the minimum mandatory sentence for aggravated battery be imposed concurrently with the minimum mandatory sentence for attempted aggravated battery on a law enforcement officer.
We affirm the trial court's determination that Penton was an habitual violent felon. Ross v. State, 601 So.2d 1190 (Fla. 1992). However, we certify to the Florida Supreme Court the following question of great public importance:
DOES SECTION 775.084, FLORIDA STATUTES (1989), VIOLATE THE CONSTITUTIONAL PROTECTIONS AGAINST DOUBLE JEOPARDY AND EX POST FACTO?
See Funchess v. State, 597 So.2d 985 (Fla. 1st DCA 1992), pet. for rev. pending, No. 79,963; Reeves v. State, 593 So.2d 232 (Fla. 1st DCA 1991), pet. for rev. pending, No. 79,386; Tillman v. State, 586 So.2d 1269 (Fla. 1st DCA 1991), pet. for rev. pending, No. 78,715.
Convictions AFFIRMED, sentences partially VACATED, and REMANDED.
SHIVERS and ZEHMER, JJ., concur.