PER CURIAM.
In this direct criminal appeal, appellant raises four issues: (1) whether three mandatory minimum sentences imposed for use of a firearm should all have been concurrent; (2) whether the evidence was sufficient to support the jury’s verdicts; (3) whether admission of certain photographs of the crime scene constituted reversible error; and (4) whether the trial court erred in not sentencing appellant as a youthful offender. We conclude that only the first issue merits discussion.
Appellant was tried by a jury, and found guilty of three counts of aggravated assault with a firearm in his possession. The trial court sentenced appellant on each count to three years in prison, subject to the 3-year mandatory minimum sentence required by section 775.087(2)(a)l., Florida Statutes (1991). The sentences on counts two and three are to run concurrently. However, the sentence on count one is to run consecutively to those on counts two and three.
Appellant asserts that the three aggravated assaults were all parts of a single criminal episode, arising out of a continuous temporal sequence at the same location. Therefore, he argues that the trial court was required to impose the three mandatory minimum sentences concurrently. We agree. See Daniels v. State, 595 So.2d 952 (Fla.1992); Palmer v. State, 438 So.2d 1 (Fla.1983). Accordingly, while we affirm appellant’s convictions, we are constrained to reverse his sentence on count *655 one, and to remand with directions that the sentence on that count be imposed to run concurrently with the sentences on counts two and three.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN, WOLF and WEBSTER, JJ., concur.