DELL, Judge.
A jury found appellant guilty of attempted second degree murder of a law enforcement officer, grand theft, resisting arrest with violence and depriving a law enforcement officer of his weapon. The trial court designated appellant’s conviction of attempted second degree murder of a law enforcement officer as a capital offense and sentenced him to life imprisonment with a mandatory minimum sentence of twenty-five years. The trial court also sentenced him to five years imprisonment on each of the other counts running consecutively to each other. We affirm appellant’s convictions and the sentences imposed. However, we remand this case to correct the mandatory minimum provision of the sentencing order for appellant’s conviction of attempted second degree murder of a law enforcement officer. We direct the trial court to strike the words “CAPITAL OFFENSE” and section 775.082(1), Florida Statutes (1991), from the order and to designate section 775.0825, Florida Statutes (1991), as the basis for appellant’s twenty-five year mandatory minimum sentence. See Newton v. State, 603 So.2d 558, 559-60 (Fla. 4th DCA 1992).
Although appellant has failed to demonstrate reversible error as to his convictions, one issue merits comment. Appellant contends that the trial court erred when it admitted testimony by a police officer concerning his use of force investigation. Appellant asserts three grounds for reversal on this issue. First, he argues that the trial court permitted inadmissible hearsay when the officer testified that “the defendant was trying to discharge Trooper Durdan’s weapon into his mid-section.” The trial court, however, sustained appellant’s objection to this testimony and appellant did not move for a mistrial or request a curative instruction. Next appellant argues that the investigating officer’s testimony bolstered the credibility of the arresting officers. The investigating officer’s testimony, however, was limited to his investigation and to the reasonableness of the amount of force used during the arrest. His testimony did not relate to the credibility of the officers but rather related only to the propriety of their actions. Finally, appellant cites Lozano v. State, 584 So.2d 19 (Fla. 3d DCA 1991), rev. denied, 595 So.2d 558 (Fla.1992), and asserts that the testimony constituted evidence of departmental policy concerning the use of force. Appellant failed to raise this ground in the trial court and therefore cannot raise it on appeal. Notwithstanding appellant’s failure to preserve this point for appeal, we note that the investigating officer did not refer to departmental policy concerning the use of force. He simply testified that “[a]ny time a trooper’s life is in imminent danger or the life of a citizen is in imminent danger, we can impose any type of force necessary to stop that threat.”
Accordingly, we affirm appellant’s convictions. However, we remand this cause to the trial court with directions to correct the sentencing order for appellant’s conviction of attempted second degree murder of a law enforcement officer as stated above.
AFFIRMED and REMANDED for correction of sentencing order.
WALDEN, JAMES H., Senior Judge, concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.