615 So.2d 197 (1993)
Ralph E. WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-198.
District Court of Appeal of Florida, First District.
March 2, 1993.
*198 John C. Harrison, Shalimar, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Woods, appellant, challenges a final judgment and sentence in which he was convicted of attempted second-degree murder, aggravated battery, and shooting into an occupied building. Appellant raises a number of issues on appeal. We find no merit as to any issues raised concerning the trial, and affirm as to these issues without further discussion. Appellant also raises two issues relating to sentencing: (1) Whether the trial court erred in classifying appellant as a habitual violent felony offender without making any of the findings required by section 775.084(1), Florida Statutes (1989); and (2) whether the trial court erred in imposing consecutive mandatory minimum sentences as to each count where all counts arose from a single criminal episode. We find that the court's failure to make the required findings concerning appellant's status as a habitual violent felony offender constituted harmless error because the state introduced unrebutted evidence of prior felony convictions, and the appellant raised no issues as to whether the qualifying convictions had been pardoned or set aside. See State v. Rucker, 613 So.2d 460 (Fla. 1993). We also determine that counts II and III arose out of the same criminal incident, and that consecutive mandatory minimum sentences cannot be imposed; therefore, we reverse and remand for resentencing. We find that count I constituted a separate and distinct criminal act for which appellant could receive a consecutive mandatory minimum sentence.
On the night in question, appellant became involved in an argument with Barron Demons and Keith Wilkes in an area near Mary's Place, a restaurant and bar. Appellant ran away from the scene after the fight was broken up, but returned within a short period of time with a pistol, and shot a man named Robert Gray. Gray had wounds to his throat, side, elbow, and hand. Testimony as to the number of shots fired at Gray varied from three to five shots, depending on the witness. This shooting took place outside the bar in the parking lot. After shooting Gray, appellant went to the door of Mary's Place and fired shots into the building. Barron Demons was inside the building and was shot in the leg. It is unclear how much time passed between the two shootings. It is also unclear what the distance was between the spot where Gray was shot and the door of the bar.
On December 17, 1991, appellant was convicted and sentenced as to three counts. The sentence was as follows:
For count I, involving an attempted murder of Robert Gray in the bar's parking lot, appellant received a three-year mandatory minimum for using a firearm, and a 15-year mandatory minimum as a result of habitualization.
For count II, involving an aggravated battery on Barron Demons inside the bar, appellant received a three-year mandatory minimum, and a 10-year mandatory minimum as a result of habitualization.
For count III, involving shooting into an occupied building, the bar, appellant received a 10-year mandatory minimum as a result of habitualization.
The three sentences were to run consecutively.
It is error to impose consecutive mandatory minimums for possession of a firearm or as a result of habitualization where the crimes for which a defendant is being sentenced arise out of a single criminal episode. Palmer v. State, 438 So.2d 1 (Fla. 1983); Penton v. State, 605 So.2d 1319 (Fla. 1st DCA 1992). Where two separate *199 and distinct criminal offenses have occurred, imposition of consecutive mandatory minimums is justified. State v. Thomas, 487 So.2d 1043 (Fla. 1986); Newton v. State, 603 So.2d 558 (Fla. 4th DCA 1992). In determining whether two separate offenses have occurred, the court must consider whether separate victims are involved, whether the crimes occur in separate locations, and whether there has been a temporal break between the incidents. Thomas, supra; Newton, supra; and Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989), rev. denied, 563 So.2d 632 (Fla. 1990).
In the instant case, counts II and III both arose out of the shots appellant fired into the bar. There are not separate victims, and there is no temporal break. Thus, counts II and III arise out of the same criminal incident. Count I (the attempted murder) involved a separate victim, occurred in a separate location (outside the bar rather than inside), and involved some break in time from when the first crime was completed until the second crime began. Under these circumstances, any mandatory minimum imposed as to counts II and III may run consecutively to any mandatory minimum imposed as to count I. See Thomas, supra; Newton, supra.
Reversed and remanded for resentencing.
SMITH and ALLEN, JJ., concur.