624 So.2d 405 (1993)
Samuel Lee WEATHERSPOON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03259.
District Court of Appeal of Florida, Second District.
September 24, 1993.
*406 James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Samuel Lee Weatherspoon appeals his convictions and sentences for first-degree murder[1] and two attempted armed robberies.[2] We find no error in the suppression ruling or the conduct of the trial. We therefore affirm all convictions and the sentence for first-degree murder. However, we reverse the attempted robbery sentences which departed from the sentencing guidelines without written reasons and improperly stacked the minimum mandatory terms.
Five young men, the appellant and Willie Brown among them, were standing on a corner in Sebring outside a bar, watching two men, Joaquin Moralez-Lesendes and Benito Rivera, playing pool inside. A witness overheard Brown say that one of the men had a fifty dollar bill and that he had to have it. She then heard another man, Demond Hall, say he was going to get his gun.
The five men followed Moralez-Lesendes and Rivera with the gun. Brown gave chase to Moralez-Lesendes shooting the gun into the air and handing it to the appellant. The appellant held the gun on Moralez-Lesendes while Brown went through his pockets. He then pointed the gun at Rivera who swung a stick at him. The gun went off killing Rivera. The appellant testified that as he was running away from the scene, he saw Brown going through Rivera's pockets.
The appellant received a life sentence for first-degree murder including a twenty-five year minimum mandatory term.[3] He was sentenced to a concurrent five-and-a-half year term for attempted armed robbery including a three-year minimum mandatory term,[4] and to a consecutive five-and-a-half year term for the second attempted armed robbery including a three-year minimum mandatory term.
The trial court erred in sentencing the appellant for the attempted robberies outside the guidelines without stating written reasons for departure. § 921.001(6), Fla. Stat. (1991). The guidelines scoresheet reflected a permitted range of two-and-a-half years to five-and-a-half years in prison; however, by imposing consecutive five-and-a-half year sentences, the total sentence for the attempted robberies was eleven years. Because the sentence was considered to be a departure at the time of sentencing, upon resentencing, the trial court must remain *407 within the guidelines. See Waldron v. State, 529 So.2d 772 (Fla. 2d DCA 1988) (en banc).
The attempted robbery sentences must also be reversed because the trial court stacked the minimum mandatory terms, making one of the three-year minimum mandatory sentences consecutive to the twenty-five year minimum mandatory and to the other three-year minimum mandatory sentence. It is error to impose consecutive minimum mandatory terms for the use of a firearm during a single criminal episode, even where there are two victims, where the episode occurred without interruption in time and location. Staten v. State, 600 So.2d 1269 (Fla. 2d DCA 1992); McCormick v. State, 494 So.2d 235 (Fla. 2d DCA 1986). The evidence showed no interruption in time and location during the murder and attempted robberies; therefore, the mandatory minimum sentences must run concurrently.
In conclusion, we affirm the appellant's conviction and sentence for first-degree murder. We affirm both convictions for attempted armed robbery but remand for resentencing within the guidelines and without consecutive stacking of minimum mandatory terms.
Affirmed in part; reversed in part.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] § 782.04(1)(a)1., Fla. Stat. (1991).
[2] §§ 812.13(2)(a), Fla. Stat. (1991); 777.04(1) and (4)(b), Fla. Stat. (1991).
[3] § 775.082(1), Fla. Stat. (1991).
[4] § 775.087(2)(a)1., Fla. Stat. (1991).