631 So.2d 372 (1994)
Gerald Dean YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04253.
District Court of Appeal of Florida, Second District.
February 9, 1994.
*373 James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Gerald Dean Young challenges the imposition of consecutive three-year minimum mandatories on three convictions and sentences. We vacate two of the three sentences.
A jury convicted the appellant of one count of armed robbery and two counts of attempted murder. The judge imposed three consecutive life sentences together with three consecutive three-year minimum mandatories for possession of a firearm. The appellant contends that these three crimes arose out of a single episode and therefore the "stacking" of the minimum mandatories is violative of Palmer v. State, 438 So.2d 1 (Fla. 1983).
A gas station manager and his four-year-old son were standing behind the counter in the station when the appellant walked in and pointed a gun at the manager. The appellant demanded that a paper cup on top of the counter be filled with money from the cash register. After the manager complied with his request, the appellant stashed the money somewhere on his person.
Instead of leaving the station, the appellant then ordered the manager and his son to lie down on the floor. He moved around the end of the counter, which required walking either behind or around some soft drink and coffee machines. Once behind the counter, he shot twice. The first shot wounded the boy, and the second injured the manager. The manager then took the gun he kept under the counter and fired at the appellant. Both the manager and the appellant ran outside where the appellant turned around and pulled the trigger one more time at the manager.
Before "stacking" minimum mandatories, the court must first ascertain whether the minimum mandatories are imposed pursuant to a statute of enhancement or as part of the statute prescribing the crime itself. Daniels v. State, 595 So.2d 952 (Fla. 1992). If all the minimum mandatories originate from a statute of enhancement, such as firearm possession or qualifying as a violent habitual felony offender, then they may not run consecutively unless separate and distinct crimes have occurred. Daniels; Palmer. The number of victims, the temporal breaks, and the different locations must all be considered in determining whether the offenses are separate and distinct or occurred during a single episode. See State v. Thomas, 487 So.2d 1043 (Fla. 1986); Hernandez v. State, 556 So.2d 767 (Fla. 2d DCA 1990).
An enhancement statute provides the basis for the consecutive three-year minimum mandatories imposed against the appellant. See § 775.087, Fla. Stat. (1991) (possession of firearm); Daniels. Hence, the minimum mandatories may be permitted to run consecutively for only those crimes which are considered separate and distinct.
The state argues that Woods v. State, 615 So.2d 197 (Fla. 1st DCA 1993), supports a finding of a temporal and geographical separation between the robbery and the two attempted murders. In Woods, the defendant shot one victim outside a bar. The defendant then went to the door of the bar and fired several shots into the bar, wounding another victim. There, the exact amount of time that passed between the first two shootings was unclear, as was the distance between the first shooting and the door of the bar. Nevertheless, the court concluded that "some break in time" had occurred from the time the first crime of attempted murder was completed and the second crime of aggravated battery began. The court further held that the aggravated battery occurred in a different location from the attempted murder, inside versus outside the bar.
*374 As in Woods, the record in the instant case does not reveal the amount of time that passed between the first two crimes. The record, however, does not support a finding that enough time lapsed between taking the money and shooting the victims to deem the robbery and attempted murders separate and distinct. The two attempted murders cannot be considered as two independent offenses, because no interruption occurred between the appellant's firing of the two shots behind the counter.
We further conclude that the crimes occurred in the same location. To conclude otherwise would require us to ignore State v. Ames, 467 So.2d 994 (Fla. 1985), Wilson v. State, 467 So.2d 996 (Fla. 1985), and Hernandez, which involve imposition of consecutive firearm minimum mandatories. In Ames, the supreme court held that a burglary, robbery and rape occurred during a single episode when Ames moved the victim through her house from room to room. In Wilson, the defendant's moving the victim by car a short distance before sexually assaulting her constituted one continuous episode. This court in Hernandez held that various assaults and batteries committed in one of the victim's yards on different victims all arose from a single continuous criminal episode. We have found no authority permitting the division of the station into two areas: behind the counter and in front of the counter.
Accordingly, we hold that no interruption in time or place occurred between either the robbery committed against the manager and the attempted murder committed against the boy or the two attempted murders. We therefore affirm the sentence on the armed robbery and vacate the sentences on the attempted murders. On remand, the court may impose minimum mandatories to run concurrent with the one on the robbery.
Reversed in part and remanded for resentencing.
SCHOONOVER and THREADGILL, JJ., concur.