FRANK, Chief Judge.
Luis Diaz, convicted of armed burglary, accompanied by an assault or battery, armed kidnapping for ransom, armed robbery, and aggravated child abuse, has appealed from the sentences imposed for his criminal conduct. We reverse and remand for resentenc-ing.
First, the trial court departed from the recommended sentence without providing contemporaneous written reasons for departure. Therefore, on remand, Diaz must be resenteneed within the guidelines.
Second, the trial court imposed consecutive three-year minimum mandatory terms for the use of a firearm in both the armed robbery and kidnapping. The record reveals, however, that the robbery occurred during the course of the kidnapping when Diaz took the mother’s ear keys and money from her purse as he abducted her son. The trial court’s reasoning was that the armed robbery occurred when Diaz picked up the ransom money. We have found no authority even suggesting that gaining possession of *616 the ransom money constitutes the separate offense of robbery, notwithstanding that Diaz was charged with kidnapping for ransom. Nevertheless, that issue is irrelevant because there is no evidence in the record before us that Diaz carried a gun when he picked up the ransom. Thus, because the only armed event in this case occurred during the same criminal episode as the kidnapping, the trial court erred in imposing consecutive minimum mandatory sentences for the two offenses. Hernandez v. State, 556 So.2d 767 (Fla. 2d DCA 1990).
Reversed and remanded for resentencing in conformity with this opinion and within the guidelines.
THREADGILL and BLUE, JJ., concur.