PER CURIAM.
Appellant Leroy Jones challenges the stacking of four consecutive three-year mandatory minimum sentences on four convictions for aggravated assault with a firearm. He contends that the court, pursuant to Palmer v. State, 438 So.2d 1 (Fla.1983), and its progeny, cannot impose consecutive mandatory minimum sentences under section 775.087(2), Florida Statutes, for use of a fire *672 arm for offenses arising out of a continuous temporal sequence at the same location. Case law compels reversal of appellant’s four consecutive three-year mandatory minimum sentences. We remand with directions to the trial court tó impose concurrent sentences. Palmer; Bass v. State, 530 So.2d 282 (Fla. 1988); Daniels v. State, 466 So.2d 1262 (Fla. 1985); State v. Ames, 467 So.2d 994 (Fla. 1985); Wilson v. State, 467 So.2d 996 (Fla. 1985); Young v. State, 631 So.2d 372 (Fla. 2d DCA 1994); Weatherspoon v. State, 624 So.2d 405 (Fla. 2d DCA 1993); Ferrell v. State, 610 So.2d 654 (Fla. 1st DCA 1992); Gloster v. State, 568 So.2d 1318 (Fla. 2d DCA 1990); Gardner v. State, 515 So.2d 408 (Fla. 1st DCA 1987). Appellant need not be present at resentencing.
REVERSED and REMANDED with directions.
KAHN, MICKLE and VAN NORTWICK, JJ., concur.