PER CURIAM.
Daniel Wortham appeals the denial of his motion to vacate his conviction and sentence. The trial court correctly denied his motion with respect to his claims regarding ineffectiveness of counsel and the involuntariness of his plea.
Wortham raised one issue deserving more attention. He challenged his consecutive three-year minimum sentences pursuant to section 775.087, Florida Statutes (1989). The trial court denied the motion, citing Lifred v. State, 643 So.2d 94 (Fla. 4th DCA 1994). In Lifred, the court en banc engaged in a detailed analysis of stacking mandatory minimum sentences, reasoning that separate shots from a firearm at different victims constituted separate and distinct crimes, irrespective of the time and space analysis historically associated with this issue. Id. As compelling as is the discussion in Lijred, the court ultimately did not decide the issue, and relied on the time and space tests enunciated first in Palmer v. State, 438 So.2d 1 (Fla. 1983), and later through a series of district court of appeal decisions. See Young v. State, 631 So.2d 372 (Fla. 2d DCA 1994); Garrison v. State, 654 So.2d 1176 (Fla. 1st DCA 1994); Gardner v. State, 515 So.2d 408 (Fla. 1st DCA 1987).
Hence, reliance on the analysis in Lijred is misplaced. Accordingly, we reverse on that issue and remand to the trial court to grant an evidentiary hearing if a factual foundation cannot be established in the record which would support denying appellant’s motion using the standards set forth in Young v. State. In the alternative, if the record establishes that under that test appellant is in fact entitled to relief, the trial court may simply resentence him. If this alternative is utilized, the appellant need not be present for resentencing.
Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
Affirmed in part, reversed in part, and remanded.
THREADGILL, C.J., and RYDER and ALTENBERND, JJ., concur.