PER CURIAM.
We affirm the defendants convictions, but reverse for resentencing. The trial court erred in sentencing the defendant as a prison releasee reoffender to consecutive terms of imprisonment. Although there were two victims involved, the defendant’s crimes arose from a single criminal episode as they occurred without interruption in time or location. See Staten v. State, 600 So.2d 1269, 1270 (Fla. 2d DCA 1992) (holding that even though there were two victims, a single criminal episode occurred because there was not an interruption in time and place); Gloster v. State, 568 So.2d 1318, 1318 (Fla. 2d DCA 1990) (“notwithstanding the fact that different victims were involved, all three offenses occurred without interruption in time and location”). As such, we find that Robinson v. State, 829 So.2d 984 (Fla. 1st DCA 2002), controls here and requires that the defendant be resentenced.
AFFIRMED in part, REVERSED in part, REMANDED for resentencing.
ALLEN, PADOVANO, and ROBERTS, JJ., concur.